Charles J. Bufalino, Jr. and Malcolm Limongelli, Petitioners *v.* Department of Justice of Pennsylvania et al., Respondents.

Submitted on briefs December 17, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*R. J. Woodside, Shearer, Mette & Woodside,* for petitioners.

*Howard Ulan,* Assistant Counsel, with him *Vincent X. Yakowicz,* Deputy Counsel, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 21, 1982:

Charles Bufalino and Malcolm Limongelli appeal from a decision by the Department of Justice refusing to reimburse them for the costs of defending a Commonwealth employee. We vacate and remand.

An employee of Farview State Hospital was indicted on numerous criminal counts, including aggravated assault and battery, simple assault, criminal conspiracy and perjury. The appellants were retained as defense counsel and received $10,000 prior to proceeding with their representation.

Appellants assert that the $10,000 was a retainer only and that they are entitled to an additional $30,-000 in attorneys fees reimbursement.

4 Pa. Code §39.1 states:

§39.1.   Criminal cases.

(a)   The Commonwealth will not provide an attorney to defend a present or former official or employe in a criminal case arising from acts or omissions occurring while in the service of the Commonwealth. However, where it is determined by the Attorney General or his designee that there is no basis for the prosecution as a matter of law or fact, the Commonwealth will reimburse the employe for reasonable attorneys fees and to that end will make any required advance of such fees, limited, however, by the balance in the retirement account of the employe.

(b)   In cases where the Attorney General or his designee does not determine that there is no basis for the prosecution in law or fact, he may nevertheless in his discretion authorize the reimbursement of reasonable attorneys fees if the employe's defense is successful.

Since the Attorney General initially determined that the employee was not entitled to advancement of at-

torneys fees under Section 39.1(a), Section 39.1(b) applies because appellants successfully defended the employee on a number of counts.

Our scope of review in appeals from administrative agencies is set forth in 2 Pa. C. S. §704:

> The court shall hear the appeal without a jury on the record certified by the Commonwealth agency. After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. . . .

The Attorney General asserts that the letter denying appellants additional attorneys fees was a final adjudication under the provisions of 2 Pa. C. S. §101.[1] We agree, since appellants' property rights were clearly and finally effected by Attorney General's decision.

In *Hardee's Food Systems, Inc. v. Department of Transportation,* 495 Pa. 514,520, 434 A.2d 1209, 1212 (1981),[2] our Supreme Court stated:

> Section 504 of the Administrative Agency Law provides that '[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable no-

---

[1] 2 Pa. C. S. §101 defines adjudication as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

[2] *Compare Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981).

tice of a hearing and an opportunity to be heard.' Adjudication is defined as '[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights . . . of any or all of the parties to the proceeding in which the adjudication is made.' . . . The denial of Hardee's application for driveways was a decision of specific application clearly affecting its property rights, and thus unquestionably was an adjudication. (Citation and footnote omitted.)

However, because we find that appellants were denied the opportunity for a hearing under the provisions of the Administrative Agency Law[3] we find the adjudication to be without validity and remand for a hearing in accordance with this section.

Vacated and remanded.

#### Order

The adjudication of the Attorney General, rendered by letter of May 5, 1980, is vacated and remanded for proceedings not inconsistent with this opinion.

This decision was reached prior to the resignation of Judge Mencer.

Judge Palladino did not participate in the decision in this case.

---

[3] 2 Pa. C. S. §504.