In Re: Request for Reimbursement on Behalf of James Plevyak. Commonwealth of Pennsylvania, Department of Public Welfare, Petitioner.

Argued February 1, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Roger T. Margolis*, Assistant Counsel, for petitioner.

*Daniel L. Sullivan, Shearer, Mette & Woodside*, for respondents.

OPINION BY JUDGE BARRY, June 5, 1984:

This petition for review results from an order of the Office of the Attorney General (OAG) which requires the Department of Public Welfare (DPW), petitioner herein, to pay $30,000.00 in attorneys' fees to respondents, Charles Bufalino, Jr., Esq., and Malcolm Limongelli, Esq., for services respondents pro-

vided while representing James Plevyak, a DPW employee, in a number of criminal matters.

Plevyak was employed as a guard at Farview State Hospital in 1977 when he was indicted and charged with eighteen criminal offenses arising from his employment. Plevyak contacted Bufalino and sought legal representation. Bufalino engaged Limongelli to assist in the defense, Plevyak having consented to such an arrangement. Plevyak agreed that the pair would bill him somewhere in the range between seventy-five to one hundred dollars per hour. Because of the impossibility of accurately estimating the number of hours that would be involved, Bufalino and Limongelli demanded and received a $10,000.00 retainer from Plevyak, who was informed that the retainer would be credited against the first $10,000.00 billed at the hourly rate.

Bufalino and Limongelli subsequently represented Plevyak at all stages involving the eighteen indictments. Included in this representation were two separate jury trials, each lasting one week, where Plevyak was acquitted of some of the charges. Eventually, the prosecutors nol-prossed the remaining charges.

Subsequently, Plevyak sought reimbursement from the Commonwealth of the $10,000.00 retainer paid to his attorneys pursuant to 4 Pa. Code §39.1(b), which provides:

> (b) In cases where the Attorney General or his designee does not determine that there is no basis for the prosecution in law or fact, he may nevertheless in his discretion authorize the reimbursement of reasonable attorneys fees if the employe's defense is successful.

The initial request, which was made without the knowledge of Bufalino or Limongelli, was denied because Plevyak had submitted incomplete data to the OAG.

Plevyak sought and obtained the pair's assistance in requesting reimbursement of the $10,000.00. The request was granted and Plevyak was reimbursed by the Commonwealth.

Shortly thereafter, Bufalino and Limongelli calculated their total fee. Each attorney spent almost 500 hours in representing Plevyak. Because the fee arrangement had never been made perfectly clear, the pair gave Plevyak the benefit of the doubt and charged him eighty dollars per hour for both attorneys together, thereby setting the actual hourly rate at approximately forty dollars per hour. As Plevyak had paid $10,000.00 of the total bill of $40,000.00, the pair demanded the balance of $30,000.00 from Plevyak. When Plevyak failed to pay the bill because of his dire financial condition, Bufalino and Plevyak applied to the Department of Justice for payment of the fee.

On May 5, 1980, the Department of Justice refused the request. On appeal, we held that the Administrative Agency Law, Act of April 28, 1978, P.L. 202, 2 Pa. C. S. §504, required the attorneys be granted a hearing on their request. *Bufalino v. Department of Justice*, 66 Pa. Commonwealth Ct. 272, 443 A.2d 1361 (1982).

On December 8, 1982, a hearing was held before an examiner specially designated by the OAG. The hearing examiner subsequently issued findings of fact and conclusions of law and ordered DPW to pay Bufalino and Limongelli $30,000.00. This appeal followed.

Our scope of review is set forth in the Administrative Code.

> The court shall hear the appeal without a jury on the record certified by the Commonwealth Agency. After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitu-

tional rights of the appellant, or is not in accordance with law . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. . . .

2 Pa. C. S. §704. DPW sets forth three allegations of error, none of which, in our view, has merit.

DPW first argues that the hearing examiner erred in awarding the $30,000.00 directly to Bufalino and Limongelli when the regulation relied upon authorizes the "reimbursement" of the Commonwealth employee. Since Plevyak has never paid his attorneys the $30,000.00, 4 Pa. Code §39.1, according to DPW's argument, is not applicable.

DPW places great weight on the portion of the Statutory Construction Act, Act of December 6, 1972, P.L. 1339, 1 Pa. C. S. §1901, which states, "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C. S. §1921-(b). The regulation in question was promulgated pursuant to the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §51, which, in pertinent part, provides, "subject to the provisions of this act, the executive board shall have the power . . . [t]o make rules and regulations defining the expenses for which officers and employes of the executive branch of state government may be *reimbursed.* . . ." 71 P.S. §249(f) (emphasis added). "Reimbursement" is defined as "[t]o pay back, to make restoration, to repay that expended, to indemnify or make whole." Black's Law Dictionary 1157 (5th Ed. 1979). DPW argues that the regulation, adopted pursuant to the Administrative Code of 1929, is intended to benefit only Commonwealth employees, thereby rendering direct payment to the attorneys improper.

We believe DPW's argument is meritless for two reasons. First, the argument is premised on the erroneous assumption that direct payment to the attorneys confers no benefit on the Commonwealth employee. The attorneys could pursue a contract claim against Plevyak and, if successful, could then execute against any available assets of Plevyak. According to DPW's argument, only after all of this was accomplished could Plevyak apply for the benefits provided by 4 Pa. Code §39.1. The benefits accruing to an employee by allowing direct payment to the attorneys are so clear that no more need be said on this point. Second, and even more importantly, 4 Pa. Code §39.1(b) cloaks the Attorney General or his designee with discretion in authorizing payment of reasonable attorney fees where a successful defense has been presented. Based on all of the foregoing discussion, we do not believe the hearing examiner abused his discretion in ordering DPW to pay directly to the attorneys those fees Plevyak owed them.

DPW next argues that Bufalino and Limongelli failed to provide sufficient documentation of legal services provided. In essence, DPW contends that the hearing examiner's findings of fact that the attorneys spent approximately 500 hours representing Plevyak are not supported by substantial evidence. All of DPW's arguments on this point, however, relate to questions of fact, all of which the hearing examiner, as factfinder, resolved against DPW. The record contains substantial evidence to support the finding in question and DPW's argument is without merit.

Finally, DPW contends that the hearing examiner, in ordering payment to the attorneys, failed to consider a deposition of Plevyak and a letter by a deputy attorney general originally denying the attorneys' request for payment. We find no merit in either argu-

86

ment.  The letter denying payment was, at best, an invalid adjudication made without an opportunity for the attorneys to present evidence and simply has no relevance to this proceeding.  *Bufalino*.  Further, in the decision and authorization of the hearing examiner, he stated that he did consider the deposition of Plevyak and, because of this, DPW's contention is meritless.

ORDER

Now, June 5, 1984, the order of the Office of the Attorney General, dated March 21, 1983, at No. OAG-81-EBR-0-1, is affirmed.