John Burroughs, Herbert Bradley, Louis Stith and Thomas Buzzar, Petitioners *v.* LeRoy S. Zimmerman, Attorney General, Commonwealth of Pennsylvania and Commonwealth of Pennsylvania, Department of Justice, Bureau of Corrections, Respondents.

Argued December 9, 1985, before Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Janet Bodek McGarry,* with her, *Stacey L. Schwartz, Peruto, Ryan & Vitullo,* for petitioners.

*David M. Donaldson,* Senior Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE ROGERS, January 23, 1986:

John Burroughs, Herbert Bradley, Louis Stith and Thomas Buzzar, State prison guards, acting by counsel have filed a petition for review described in the caption to be in the nature of a complaint in an unnamed action of law. The petitioners demand judgment against the defendants, the Attorney General of Pennsylvania and the Commonwealth's Department of Justice, in the amount of $37,500 in reimbursement of counsel fees expended by them in defense of a criminal and a civil suit brought against them by an inmate of the State Correctional Institution at Graterford. In the body of the complaint, the petitioners allege that their suit is based on a contract created by a Bureau of Corrections' document entitled Guidelines for Corrections Personnel. Some of the material in this document may have reference to Executive Board regulations at 4 Pa. Code §§39.1-.4, which indeed do create a conditional entitlement in state employees to reimbursement for counsel fees.

The respondents have filed preliminary objections to the complaint raising a question of our jurisdiction and in the nature of a demurrer. We need discuss only the matter of jurisdiction.

Concerning jurisdiction, the respondents contend that because the plaintiffs allege a contract right to reimbursement and demand a money judgment the Board of Claims has exclusive jurisdiction and this court has none.

In suing in assumpsit, the petitioners have misapprehended their remedy, which is by recourse in the first instance to administrative law. The Executive Board regulations just cited provide for reimbursement by application to the Office of the Attorney General, which petitioners have done and thereafter to apply for an evidentiary hearing followed by an adjudication which may be appealed to this court. In

*Bufalino v. Department of Justice,* 66 Pa. Commonwealth Ct. 272, 443 A.2d 1361 (1982), we held that the action of the Office of the Attorney General denying reimbursement of attorney fees was an adjudication; but that it was invalid because it was made without opportunity to the applicant for an evidentiary hearing as required by 2 Pa. C. S. §504. We remanded the matter to the agency for a hearing. *In Re: Request for Reimbursement of Plevyak,* 83 Pa. Commonwealth Ct. 81, 476 A.2d 487 (1984), the sequel to *Bufalino,* we affirmed the action of the Office of the Attorney General which had, after conducting the required hearing, authorized the payment of attorney's fees.

Hence, instead of filing a petition for review seeking damages in a lawsuit, the petitioners should have demanded of the Office of the Attorney General an evidentiary hearing and a proper adjudication. *See Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981), as to the statute of limitations.

Where an administrative remedy is statutorily prescribed, as it is here, a court whether of equity or law is without jurisdiction to entertain the action. *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976).

However, 42 Pa. C. S. §708(c) gives us the power in circumstances such as this to treat an action as an appeal. We will exercise such power in this instance and remand the record to the appropriate administrative agency, here the Office of the Attorney General, for the hearing necessary to a valid adjudication and we will so order.

### ORDER

AND Now, this 23rd day of January, 1986, we remand the record of this case to the Office of the Attorney General for it to conduct the hearing necessary to a valid adjudication.

Jurisdiction relinquished.