523 A.2d 845

Charles W. Brooks and Jo-Anne Brooks, Petitioners *v.* Commonwealth of Pennsylvania, Department of Agriculture and Richard E. Grubbs, in his capacity as Secretary of Agriculture, Respondents.

Argued November 21, 1986, before Judges MAC-PHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*G. David Pauline, Bricker and Pauline,* for petitioners.

*Gregory R. Neuhauser,* Senior Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE PALLADINO, April 7, 1987:

Charles and Jo-Anne Brooks (Petitioners) have filed suit in this Court's original jurisdiction to recover $64,806 they claim is due them for the loss they sustained on the sale of 52,300 chickens infected with Avian Influenza. The Department of Agriculture (Department) has filed preliminary objections which are now before us for disposition.[1]

This suit has a somewhat complicated procedural history. Petitioners originally filed suit in this Court in 1984,[2] seeking injunctive relief to prohibit the Department from expending any further monies out of the fund created to indemnify owners of chickens who suffered losses due to the Avian Influenza until they could

---

[1] This case was reassigned to the author on February 18, 1987.

[2] The action appears on our docket as No. 1713 C.D. 1984.

obtain a judgment on the merits of their claim. This Court denied Petitioners' request for a preliminary injunction by order dated June 29, 1984, and thereafter Petitioners' action was dismissed for failure to prosecute.

Petitioners then commenced this suit on February 20, 1986 by filing a complaint addressed to this Court's original jurisdiction[3] in which they seek a money judgment against the Commonwealth. By order dated March 3, 1986, this Court, *sua sponte,* transferred this action to the Board of Claims. Upon reconsideration, this Court vacated its transfer order on April 7, 1986 and directed the parties to file briefs addressed to the question of this Court's jurisdiction. Both parties filed briefs on the jurisdictional question and, in addition, the Department filed preliminary objections.[4] No order with respect to the jurisdictional issue has ever been entered by this Court. We will address only the jurisdictional issue.

From the factual allegations set forth in the complaint, we ascertain that on November 3, 1983, the Department quarantined Petitioners' poultry farm because of the presence of chickens infected with Avian Influenza. Since Petitioners had already lost approximately 41,410 chickens to Avian Influenza, they immediately requested and were granted permission by the Department to sell the remainder of their flock of infected chickens to a New Jersey poultry processor who agreed to pay $.58 per chicken. While in transit to New Jersey,

---

[3] *See* 42 Pa. C. S. §761(a)(1). Petitioners specifically cite this statute in paragraph 4 of their complaint.

[4] The Department's preliminary objections include a petition raising the question of jurisdiction and a demurrer. The demurrer alleges that the action (a) is barred by *res judicata* and estoppel, (b) is moot, (c) does not aver facts which warrant relief and (d) is barred by sovereign immunity.

an additional 5,000 chickens died. Petitioners were paid $30,087.53 by the processor for the 52,300 chickens which arrived in New Jersey alive.

Federal funds became available shortly thereafter to compensate poultry farmers for losses which were incurred after November 9, 1983, caused by the Avian Influenza Epidemic. Since Petitioners sustained their losses prior to that date they were not eligible to share in those funds. The Pennsylvania Legislature, however, appropriated an additional two million dollars to supplement the Federal appropriation and provided that the first priority for the fund was to compensate poultry farmers for losses which occurred prior to November 9, 1983.[5]

Petitioners were reimbursed by the Department on April 3, 1984 in the amount of $1.80 per chicken for the 41,410 chickens that died at their farm and for the 5,000 chickens that died in transit to New Jersey. Petitioners requested, but were denied, compensation for the difference between $1.80 and the $.58 they received for

---

[5] Second Supplemental General Appropriation Act of 1983 (Act 1-A of 1984), §212, 1984 Pa. Laws 1311, 1315-16.

Section 212 states in pertinent part:

For payments to indemnify owners of poultry which died or were destroyed on or after September 1, 1983 for the market value of such animals and for any extraordinary or incidental expenses incurred which are associated with the Avian Influenza Epidemic of 1983 and the depopulation program implemented pursuant to the Federal Government's declaration of an extraordinary emergency on November 9, 1983.

State appropriation. . . . 2,000,000 The first priority for the funds from this appropriation shall be for losses associated with the Avian Influenza Epidemic incurred prior to the Federal emergency declaration and, thereafter, to supplement the Federal funds made available pursuant to that declaration.

the 52,300 chickens they sold to the New Jersey poultry processor.[6]

Petitioners request judgment against defendants in the amount of $64,806.00 plus interest and costs "and such other relief as may be available."

The Department argues that this action should be brought in our appellate jurisdiction[7] since Petitioners are really asking this Court to review the Department's final decision which denied Petitioners' compensation for the chickens they sold to the New Jersey poultry processor. Petitioners insist that their action is an action against the Commonwealth government and an officer thereof acting in his official capacity; hence, Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1), is the proper jurisdictional authority.

We conclude that the essence of Petitioners' complaint is a request that we reverse the Department's decision denying them compensation. Therefore, it must be considered in our appellate jurisdiction.

Section 708(c) of the Judicial Code, 42 Pa. C. S. §708(c) provides that where an action against a government unit or a person conducting its affairs is commenced by an original process and should have been in the nature of an appeal from a determination by a government unit, that circumstance alone would not be grounds for dismissal of the action; rather, we are instructed to regard the matter as an appeal "as if filed at the time such [original] process was commenced." Pa. R.A.P. 1512 requires that appeals from governmental agency orders be taken within thirty days after entry of the order. Normally, Petitioners' appeal would be time

---

[6] *See* paragraph 18 of complaint.

[7] *See* Section 763 of the Judicial Code, *as amended*, 42 Pa. C. S. §763.

barred pursuant to this rule.[8] However, as the Department states in its brief, "the full procedures of the Administrative Agency Law . . . were not provided below."[9] Our Supreme Court in *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981), *rev'g* 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979) held that a decision which does not comply with the procedures of the Administrative Agency Law is an invalid adjudication[10] and the date on which it was issued has no legal significance when measuring the time in which an appeal must be taken. Petitioners' appeal is, therefore, not time barred.[11]

---

[8] Although the date of the denial of the request is not set forth with specificity in the complaint, it is clear that such action occurred sometime in 1984 and Petitioners' complaint was not filed until February 20, 1986.

[9] Department's brief at 11.

[10] On the timeliness of the appeal, we note that there is no indication in the pleadings that Petitioners were informed of the proper appellate procedure by the Department at the time of the denial or that it was an issue when Petitioners sought injunctive relief in 1984. This failure of the Department might also be grounds for not enforcing Pa. R.A.P. 1512 in this case. *See Baker v. Pennsylania Human Relations Commission*, 75 Pa. Commonwealth Ct. 296, 462 A.2d 881 (1983).

This case is distinguishable from the situation in *Whittaker v. Pennsylvania State Police*, 100 Pa. Commonwealth Ct. 631, 515 A.2d 347 (1986) where this Court dismissed as untimely an appeal from an agency decision disqualifying the petitioner as an applicant for a cadet position in the State Police. In *Whittaker* the petitioner had requested a "live" hearing on his disqualification but had not followed the agency's requirements in his request. He had been informed by the agency when he was disqualified of the appellate procedure.

[11] *See also Burroughs v. Zimmerman*, 94 Pa. Commonwealth Ct. 307, 503 A.2d 1014 (1986). In *Burroughs* a complaint was filed in this Court's original jurisdiction seeking judgment against the Attorney General and the Department of Justice in the amount of $37,500 in reimbursement of counsel fees. This Court treated the complaint as an appeal from an administrative agency and remanded for a valid adjudication.

There is *no* record in this case nor a statement of agreed upon facts which would enable us to perform our appellate review function in addressing the merits of this case. Accordingly, we must remand to the Department for a hearing and an adjudication in accordance with Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504 and the Department's own regulations.[12]

## ORDER

AND NOW, April 7, 1987, the preliminary objection as to jurisdiction is denied and the case is remanded to the Department of Agriculture for an adjudication in accordance with Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504 and its own rules and regulations.

Jurisdiction relinquished.

---

This case and *Burroughs* involve a property right and are therefore not in conflict with *Hasinecz v. Pennsylvania State Police,* 100 Pa. Commonwealth Ct. 622, 515 A.2d 351 (1986).

[12] The rules of practice and procedure which govern adjudicatory proceedings relating to matters within the Department's jurisdiction can be found at 7 Pa. Code §§131.1-131.36.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent because I do not believe that this Court is under any obligation to apply the provisions of Section 708(c) of the Judicial Code (Code), 42 Pa. C. S. §708(c), to a situation where, as here, the Petitioners intentionally, *not* mistakenly, have sued the Commonwealth and the Secretary of Agriculture in our original jurisdiction.

In their brief and at oral argument, Petitioners insisted that their claim for reimbursement clearly was authorized by Section 761(a)(1) of the Code, 42 Pa. C. S. §761(a)(1), which provides that our Court shall have original jurisdiction of all actions or proceedings against

the Commonwealth government including any officer acting in his official capacity, with certain exceptions not applicable here. Notwithstanding the Commonwealth's contention that this matter should have been in the nature of an administrative appeal, Petitioners never retreated from their position that we have original jurisdiction here.

While it is true that *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981), *rev'g* 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979), held that a decision by an administrative agency which does not comply with the requirements of the Administrative Agency Law is an invalid adjudication, I think the circumstances in that case are clearly distinguishable from those present here. In *Callahan,* the Supreme Court noted that the petitioner had attempted to initiate administrative procedures and was thwarted in his efforts by the agency; he also appealed to this Court within thirty days of when the termination of his benefits ripened as a matter of fact. Finally, and of utmost importance, Callahan's petition for review in this Court was not specifically cast in either our appellate or original jurisdiction. Because of these differences I do not believe that *Callahan* stands for the proposition that we may, or, as the majority holds, must apply Section 708(c) here.

I would hold that where a party makes a conscious and knowing election to seek invocation of our original jurisdiction, the court is bound by that election and may not, *sua sponte,* convert that jurisdiction to a proper one in order to afford the party a remedy.

In summary, I would hold that the Petitioners' action must be treated in our original jurisdiction and that it would be barred by the provisions of 1 Pa. C. S. §2310 relating to sovereign and official immunity. I, accordingly, would sustain the preliminary objections and dismiss the suit.