530 A.2d 1026

Quincy United Methodist Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 8, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Steven E. Bernstein,* with him, *Brian T. Corbett, Jeffrey B. Schwartz, Wolf, Block, Schorr and Solis-Cohen,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, September 9, 1987:

Petitioner, the Quincy United Methodist Home, (Quincy) has appealed from a denial by the Secretary of the Department of Public Welfare (DPW) of its petition to reopen its fiscal year 1981 cost report. Respondent (the DPW) has filed a motion to quash the appeal which, pursuant to order, was argued concurrently with the merits of the Quincy's petition.

Quincy is a nursing home which receives reimbursement from the DPW for certain costs incurred in providing long-term care to medical assistance recipients. At the end of each fiscal year, the facility is required to submit a cost report to the DPW in accordance with its regulations. These reports are subsequently audited by DPW auditors.

In Quincy's 1981 cost report, it reported certain trust income as an offset to the total interest on capital indebtedness expense it incurred that year. The DPW auditor did not change this entry, and entered an audit report from which Quincy did not appeal.

The following year, Quincy entered the transaction the same way in its cost report. The 1982 DPW auditor, however, determined that the trust income was considered exempt from offset under the DPW regulations. The auditor corrected Quincy's calculations, and the DPW issued an audit report to Quincy on May 10, 1984 which reflected this change. Quincy did not appeal the 1982 audit report.

In April of 1985, Quincy filed a petition with the DPW Secretary to reopen its 1981 cost report in order to correct the error with respect to offsetting the trust income, which, if allowed, would apparently entitle Quincy to approximately $34,000 more in medical assistance reimbursement for fiscal year 1981. The Secretary denied the petition by letter dated July 23, 1986.

We must first determine whether, as the DPW contends, this appeal should be quashed. The DPW argues that Quincy sought an exception to an administrative regulation, and that the grant of such an exception would be a legislative act, and thus, not subject to judicial review. Quincy counters that its petition to reopen was, in effect, a request to the Secretary to exercise his discretion, and that his letter denying the petition was

an adjudication as that term is defined by statute.[1] We are persuaded by the latter argument.

Quincy recognizes that it did not file a timely appeal from the 1981 audit report. 55 Pa. Code §1101.84(b)(1)(ii)[2] provides that such appeals must be filed within 30 days of the date of the letter accompanying the audit report. Quincy relies on the terms of 55 Pa. Code §1181.101(e),[3] which allows the Audit Division to reopen a prior year's audit, as the basis for its petition to the Secretary. The Secretary denied the petition by his letter of July 23, 1986, which contained findings of fact and the conclusion that Quincy was not entitled to reopen the 1981 cost report.

Quincy argues that it sought an exception to the regulations for itself alone, by reason of the special facts applicable to its case. We agree that there is no indication that Quincy requested the Secretary to promulgate

---

[1] 2 Pa. C. S. §101 defines the term as follows:

'**Adjudication.**' Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

[2] That section provides:

The Notice of Appeal from an audit disallowance shall be filed within 30 days of the date of the letter from the Bureau of Reimbursement Methods, Office of Medical Assistance, or the Bureau of State-Aided Audits, Office of the Auditor General, transmitting the provider's audit report. If a facility fails to appeal from the auditor's findings at audit, the facility may not contest the finding in another proceeding.

[3] That section provides: "The Audit Division of the Bureau of Reimbursement Methods may reopen any prior year's audit if an appeal is filed."

new regulations, or to carve out an exception of general application, which would have been a quasi-legislative act. *See e.g., Insurance Co. of North America v. Commonwealth of Pennsylvania, Insurance Department*, 15 Pa. Commonwealth Ct. 462, 327 A.2d 411 (1974).

The DPW argues that the Secretary's letter is not an adjudication. We disagree. The letter is clearly a "final determination or ruling by an agency affecting . . . [Quincy's] property rights . . ."[4] in that Quincy's entitlement to additional reimbursements was denied, leaving it without further administrative recourse. The letter contained findings of fact upon which its legal conclusion was based. While the form of the determination was somewhat informal, we have previously held that a letter may constitute an adjudication; it is, of course, the substance of the document which controls. *See e.g., Bufalino v. Department of Justice of Pennsylvania*, 66 Pa. Commonwealth Ct. 272, 443 A.2d 1361 (1982); *Standard Lime & Refractories Co. v. Department of Environmental Resources*, 2 Pa. Commonwealth Ct. 434, 279 A.2d 383 (1971). For these reasons, we deny the motion to quash and proceed to the merits of this appeal.

The essence of Quincy's argument is that the Secretary abused his discretion in denying the petition to reopen. Quincy readily concedes that it is not entitled to reopening as a matter of right. Its contentions, therefore, center on its allegedly unique factual situation. While there is some dispute evident in the limited record before us as to exactly what those facts are, the key factor appears to be that the DPW, at some point, reopened Quincy's 1982 cost report. Quincy appealed from the subsequent adjustments the DPW made, but eventually withdrew its appeal. Prior to withdrawing

---

[4] *See* note 1 above.

that appeal, Quincy filed the instant petition to reopen, apparently in reliance upon 55 Pa. Code §1181.101(e).[5] The Secretary denied the petition in the interest of finality, and because of the additional burden which would be placed on the administration to again review Quincy's cost report when no timely appeal had been taken.

In considering the validity of an agency's interpretation of its own regulations, our standard of review was set forth in *Commonwealth v. Forbes Health System,* 492 Pa. 77, 81, 422 A.2d 480, 482 (1980): "First, '[i]n construing administrative regulations, "the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." ' . . . Second, the regulations 'must be consistent with the statute under which they are promulgated.' "[6] *See also Pelton v. Department of Public Welfare,* 514 Pa. 323, 523 A.2d 1104 (1987).

From our review of the record and the applicable regulations, we are unable to conclude that the Secretary's interpretation is either plainly erroneous or inconsistent with the regulations. There is simply no authority that a facility such as Quincy is entitled to reopen a cost report in the absence of having filed a timely appeal. 55 Pa. Code §1101.84(b)(1)(ii). The regulations do authorize "the Audit Division" to reopen any prior year's audit if an appeal is filed. 55 Pa. Code §1181.101(e). Quincy's argument is that it is unfair to allow such one-sided reopening, especially given the fact that a DPW auditor failed to detect and correct

---

[5] *See* note 3 above.

[6] The parties have not raised the issue of whether the regulations are consistent with the statute under which they are promulgated, and we have not considered the question.

Quincy's initial error. However, as the Secretary points out in his adjudication, Quincy has the responsibility to claim payment for services provided, and for properly completing cost reports. The Secretary acknowledges that the error is unfortunate, but notes that Quincy is only penalized once for that error, as the 1982 DPW auditor corrected the mistake.

Quincy contends that a DPW auditor shares the responsibility to verify a facility's cost report. 55 Pa. Code §1181.74(a) provides for an audit by the DPW to verify, "to the extent possible," that the facility has complied with applicable regulations. A facility is granted a right of appeal from any findings by an auditor under and pursuant to the terms of 55 Pa. Code §1181.101. Read in conjunction, these two sections more readily support the Secretary's position that the ultimate responsibility to claim reimbursement for allowable costs rests with a facility, not the DPW auditors. *See also Divine Providence Hospital v. Department of Public Welfare,* 76 Pa. Commonwealth Ct. 188, 463 A.2d 118 (1983), wherein this Court held that a health care provider is charged with the knowledge of applicable DPW regulations.

Finally, Quincy maintains that neither reason for the Secretary's decision, finality or administrative burden, is applicable. However, we must affirm if the decision is correct for any reason. *Divine Providence Hospital,* citing *Hankinson v. Department of Public Welfare,* 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981). Quincy sought an exception to a regulation whose terms allow only the Audit Division to reopen prior years' cost reports. While we are sympathetic to Quincy's position, we are simply unable to conclude that the Secretary in any way abused his discretion in not granting this petition, which is not contemplated by the plain language of the regulations.

Based on the foregoing, we affirm the decision of the Secretary.

## ORDER

AND NOW, this 9th day of September, 1987, we hereby deny Respondent's motion to quash the above-captioned appeal, and, further, affirm the order of the Secretary of the Department of Public Welfare with respect to said appeal, dated July 23, 1986.