572 A.2d 30

**Charles W. and Joann BROOKS, Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF AGRICULTURE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1989.

Decided Feb. 14, 1990.

Reargument Denied April 19, 1990.

Petition for Allowance of Appeal Denied
Oct. 31, 1990.

G. David Pauline, Harrisburg, for petitioners.

Stephen R. Pelcher, York, for respondent.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Charles W. and Joann Brooks (Petitioners) petition for review of the order entered by the Secretary of the Department of Agriculture (Department) denying them additional compensation for losses they incurred in selling chickens infected with avian influenza.[1]

Petitioners are owners and operators of a poultry farm. In late October of 1983, they discovered that their chickens were infected with avian influenza. In order to avoid further losses due to the deaths of their chickens from avian influenza, Petitioners requested and were granted permits to ship their remaining infected chickens to a New Jersey poultry processor. While en route, 5,000 chickens died.

Upon delivery of the chickens, the New Jersey poultry processor paid Petitioners .58 cents per chicken for the chickens that reached New Jersey alive. Petitioners thereafter also received reimbursement from a fund created by

---

**1.** Petitioners commenced suit against the Commonwealth on February 20, 1986 by complaint addressed to our original jurisdiction. In a previous decision, we addressed the issue of our jurisdiction and concluded that this case should have been brought in our appellate jurisdiction. We then remanded to the Department for a hearing and adjudication since there was neither a record nor a statement of agreed upon facts to enable us to perform our appellate review function. *Brooks v. Department of Agriculture,* 105 Pa.Commonwealth Ct. 196, 523 A.2d 845 (1987).

the state legislature [2] at a rate of $1.80 per chicken for the chickens that died on their farm and en route to New Jersey.

Petitioners subsequently sought, but were denied, additional compensation for the difference between the Commonwealth's reimbursement rate of $1.80 per chicken and the .58 cents per chicken they received from the New Jersey poultry processor. This denial is now before us for review.

Because the state fund from which Petitioners seek additional compensation is exhausted and there is no indication that the legislature intends to appropriate any further monies, we are presented with the issue of whether Petitioner's action is moot. Mootness exists when the circumstances surrounding a controversy make the legal issue therein an academic one. *See Consolidated Coal Co. v. District 5, United Mine Workers of America,* 336 Pa.Superior Ct. 354, 485 A.2d 1118 (1984). "Intervening changes in the factual matrix of a pending case, which eliminate an actual controversy and make it impossible for the requested relief to be granted, render a legal question moot." *Zemprelli v. Thornburgh,* 78 Pa.Commonwealth Ct. 45, 48, 466 A.2d 1123, 1124 (1983).

Inasmuch as the fund from which Petitioners seek additional compensation is exhausted, Petitioners cannot now be provided the relief requested. Accordingly, we must dismiss this case as moot. *Zemprelli.*

DOYLE, J., dissents.

## ORDER

AND NOW, this 14th day of February, 1990, the above-captioned matter is dismissed as moot.

2. This fund was created by the Second Supplemental General Appropriation Act of 1983 (Act 1-A of 1984), § 212, 1984 Pa.Laws 1311, 1315–16, which provided in relevant part:
   For payments to indemnify owners of poultry which died or were destroyed on or after September 1, 1983 for the market value of such animals and for any extraordinary or incidental expenses incurred which are associated with the Avian Influenza Epidemic of 1983 ...