586 A.2d 997

**Edmund L. GOLDSBOROUGH, Maxwell Levinson, Elizabeth McManus and Inez Scheerle, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION and Lower Merion School District, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1990.

Decided Feb. 4, 1991.

Alan F. Candor, Wynnewood, for petitioners.

Gregory E. Dunlap, Deputy General Counsel, with him, James J. Haggerty, General Counsel, and Ernest N. Helling, Asst. Chief Counsel, Harrisburg, for respondents.

Before COLINS and PELLEGRINI, JJ., and NARICK, Senior Judge.

COLINS, Judge.

This is a Petition for Review in the nature of a Complaint in Equity addressed to our original jurisdiction filed September 25, 1989. The Department of Education (Department) has filed preliminary objections which are now before us for disposition.

Petitioners are four individual citizens of the Commonwealth who seek to enjoin, for historic preservation reasons, Lower Merion School District (Lower Merion) from demolishing and reconstructing portions of the Ardmore Junior High School building in Ardmore, Montgomery County, Pennsylvania pending this Court's review of the Department's approval of the demolition plans. The procedural history in this matter is long and complicated.

This controversy commenced in May of 1989 when Lower Merion applied, pursuant to Section 731 of the Public School Code of 1949 (Code),[1] for approval of a plan to demolish and reconstruct portions of Ardmore Junior High. Petitioners sought to intervene in that application on May 25, 1989 and July 21, 1989 and requested a hearing. The Department, on July 31, 1989, approved Lower Merion's plan and granted

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 7-731.

petitioners' petition to intervene for the limited purpose of seeking review before the Secretary of Education (Secretary). However, the Department denied petitioners' petition for hearing without prejudice to a request for a hearing before the Secretary. Petitioners filed an appeal to the Secretary and requested a supersedeas of the Department's approval of Lower Merion's plan pending the outcome of the appeal. On August 14, 1989, the Department issued an interlocutory order denying the supersedeas and certifying the matter for immediate appeal before this Court. Petitioners then applied to the Department for a stay pending the filing and disposition of a Petition for Permission to Appeal the denial of the supersedeas to this Court. The Secretary issued an order on August 16, 1989, denying petitioners' application for a supersedeas.

On August 16, 1989, petitioners applied to this Court for a stay pending the filing and disposition of a Petition for Permission to Appeal at 1571 C.D.1989. Senior Judge Lipsitt held a telephone conference argument on August 18, 1989, after which an order was entered denying petitioners' application for a stay because petitioners failed to make a strong showing that they were likely to prevail on the merits.[2] Petitioners then applied to the Supreme Court for a stay of the Department's approval of Lower Merion's plan until final disposition of their petition in this Court for permission to appeal the interlocutory denial of the supersedeas.

On August 29, 1989, petitioners filed in this Court, at 1571 C.D.1989, a Petition for Permission to Appeal the Department's denial of supersedeas. On September 1, 1989, the Supreme Court granted the petitioners' application for stay of the Department's approval of Lower Merion's plan, until disposition of the Petition for Permission to Appeal then pending in this Court. By order entered September 15, 1989 at 1571 C.D.1989, this Court denied the Petition for Permission to Appeal the August 14, 1989 order

---

**2.** *See Pennsylvania Public Utility Commission v. Process Gas Consumers Group,* 502 Pa. 545, 467 A.2d 805 (1983).

of the Department, refusing to grant petitioners a supersedeas pending disposition of the appeal to the Secretary. Hence, the Supreme Court's stay order was dissolved by action of law. However, the appeal before the Secretary remained pending and petitioners' request for a hearing before the Secretary had not been ruled upon.

Petitioners then motioned the Secretary for expedited consideration of the pending administrative appeal and requested that the Secretary issue a final order appealable to this Court. Petitioners were informed that the Secretary was out of town and would not be available until Monday, September 25, 1989. That, plus petitioners' concern that demolition was to commence the week of September 25, caused petitioners to institute the instant action at 279 M.D.1989 to enjoin the demolition until such time as this Court might exercise its appellate jurisdiction and for this Court to remand this matter to the Department for further proceedings on the appeal to the Secretary and the entry of a final order thereon.

On the same day the instant action was filed in this Court, September 25, 1989, the Secretary issued an Opinion and Order dismissing petitioners' appeal, declaring the Department's approval of Lower Merion's plan to be final and denying petitioners' application for supersedeas. Also, on that same day, Senior Judge Narick held a hearing to consider petitioners' application for special relief and issued an order denying petitioners' application for an ex parte preliminary injunction. At that hearing, petitioners informed this Court that the Secretary's issuance of a final appealable order changed the nature of their request for relief and took them out of the original jurisdiction of this Court. Petitioners indicated that they would pursue an appeal of the Secretary's order to this Court and make application for a supersedeas pending disposition of the appeal.

Senior Judge Narick issued an order September 27, 1989 denying petitioners' request for a preliminary injunction. On September 28, 1989, petitioners filed an appeal of that

order in the Supreme Court and filed a Petition for Review to this Court at 1887 C.D.1989, appealing the final order of the Secretary issued September 25. Petitioners also filed an emergency request for supersedeas in the Supreme Court at 108 E.D.1989, pending disposition of their appeal of this Court's order entered September 27. The Supreme Court granted supersedeas until further order of the court. On June 18, 1990, 133 Pa.Commonwealth Ct. 487, 576 A.2d 1172, this Court affirmed the Secretary's final order approving the District's plan per Judge Pellegrini. Petitioners applied for reargument, which was denied by order dated August 3, 1990.

The Department filed preliminary objections to the Petition for Review asserting that the final appealable order from the Secretary issued September 25, 1989, rendered this matter moot. In the Petition for Review, petitioners sought an injunction against demolition of the school only until a final order might be issued by the Secretary and this Court might "exercise its appellate jurisdiction over the matter." The Department asserts that since the Secretary has issued a final order and this Court has exercised its appellate jurisdiction by entering a final order affirming the Department on June 18, 1990, that this Court lacks jurisdiction to entertain this matter in its original jurisdiction. Therefore, the Department requests this Court to sustain the preliminary objections for lack of jurisdiction.

■■■■ The relief that petitioners seek in their Petition for Review has already occurred. When factual changes occur in a pending case making it impossible for the relief requested to be granted, the matter becomes moot. *Brooks v. Department of Agriculture*, 132 Pa.Commonwealth Ct. 91, 572 A.2d 30 (1990). The Secretary has issued a final order which dismissed petitioner's appeal and declared the Department's approval of Lower Merion's plan to be final. Furthermore, this Court has exercised its appellate jurisdiction via its final order affirming the Department on June 18, 1990. Therefore, this action has become moot.

Accordingly, we sustain the Department's preliminary objections and dismiss the Petition for Review.

## ORDER

AND NOW, this 4th day of February, 1991, the preliminary objections filed by the Department of Education in the above-captioned matter are sustained and the Petition for Review is dismissed.