722 A.2d 631

**Donald A. YURGOSKY, District Justice, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS, Appellee.**

Supreme Court of Pennsylvania.

Argued April 27, 1998.

Decided Nov. 24, 1998.

534

James T. McHale, Scranton, for Donald A. Yurgosky, D.J.

Howard H. Holmes for Adm. Office of Pa. Courts.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

This appeal raises issues of first impression regarding the entitlement of a member of the unified judicial system to be reimbursed for attorney's fees when he is charged with criminal misconduct arising out of the performance of his official duties and is subsequently acquitted.

Appellant, Donald A. Yurgosky, is an elected district justice of District Court No. 45–3–04 in Lackawanna County. On September 9, 1991, he was arrested and charged with the criminal offenses of official oppression,[1] threats and other improper influence in official and political matters [2] and criminal conspiracy.[3] All the charges arose from Appellant's performance of his official duties as a district justice. Appellant retained private counsel, proceeded to a jury trial and was found not guilty. He was reinstated to his office on December 18, 1992.[4]

Appellant subsequently sought reimbursement of the $137,-500 of attorney's fees, costs, and expenses that he incurred in his defense. He initially filed a claim with the Attorney General's office pursuant to 4 Pa.Code § 39.1.[5] The Attorney

---

1. 18 Pa.C.S. § 5301.

2. 18 Pa.C.S. § 4702.

3. 18 Pa.C.S. § 903.

4. Appellant was temporarily relieved from his judicial duties during the course of the criminal proceedings.

5. In 1994, this section was amended to read:
 § 39.1 Criminal cases.

General's office advised Appellant that the Office of General Counsel reviewed such reimbursement requests. Upon receipt of Appellant's claim, however, the Office of General Counsel informed him that it did not have the authority to adjudicate a claim for reimbursement of attorney's fees incurred by a member of the judiciary.

Appellant thereafter filed the claim with the Administrative Office of Pennsylvania Courts (AOPC), Appellee. On May 27, 1994, following various exchanges of information between Appellant and the AOPC, Appellant's claim for reimbursement was denied. The AOPC explained that it does not provide reimbursement of counsel fees incurred by an individual who has been charged and brought to trial by the Commonwealth for violations of the Criminal Code.

On November 17, 1994, Appellant filed his claim for reimbursement against the AOPC in the Board of Claims (Board). Appellant therein asserted that he had been a state employee serving as a district justice for over 24 years. He asserted that the Board has jurisdiction over contract actions, including quasi-contract claims, claims in quantum meruit and claims against the Commonwealth involving implied contracts for compensation. As a basis for reimbursement, Appellant again relied on 4 Pa.Code § 39.1 and also argued that under Pa. R.J.A. 505(15),[6] the AOPC has the power to provide him with

(a) The Commonwealth will not provide an attorney to defend a present or former official or employe in a criminal case arising from acts or omissions occurring while in the service of the Commonwealth. If it is determined by the General Counsel or the General Counsel's designee that there is no basis for the prosecution as a matter of law or fact, the Commonwealth will reimburse the employe for reasonable attorneys fees and to that end will make any required advance of these fees, limited by the balance in the retirement account of the employe.

(b) In a case in which the General Counsel or the General Counsel's designee does not determine that there is no basis for the prosecution in law or fact, he may nevertheless authorize the reimbursement of reasonable attorneys fees if the employe's defense is successful.

4 Pa.Code § 39.1.

**6.** This rule provides that the Administrative Office has the power and duty to provide legal services to personnel of the system, and, when appropriate, representation by legal counsel.

legal services. He further contended that the denial to judicial officers of rights and privileges possessed by other Commonwealth employees was a violation of due process. The AOPC filed preliminary objections, which challenged the jurisdiction of the Board on the ground that no valid contract claim was raised. The AOPC also contended that the Board had no authority to enforce the Pennsylvania Rules of Judicial Administration.

The Board did not address the AOPC's contentions. Instead, it *sua sponte* dismissed the claim because it was not filed within six months of accrual as required by 72 P.S. § 4651-6.[7] The Board held that it lacked jurisdiction because the claim was submitted to the Board two years after it accrued, i.e., the date when the court ordered that Appellant be reinstated to his office.

The Commonwealth Court affirmed, albeit for a different reason. It held that the Board erred in *sua sponte* dismissing the claim on the basis of Section 6 of the Board of Claims Act, 72 P.S. § 4651-6, because that section deals only with jurisdiction of the person, and is therefore waivable. It further held, however, that dismissal of the claim on jurisdictional grounds was proper since Appellant failed to allege a contractual claim.

Judge Flaherty filed a concurring and dissenting statement wherein he agreed that the Board erred in raising, *sua sponte*, the statute of limitations defense for the AOPC. He disagreed, however, that Appellant failed to raise a contract claim in his complaint. Judge Flaherty opined that the Board's jurisdiction extends to disputes arising from the employment relationships between the Commonwealth and its employees. He concluded that an implied-in-fact employment contract existed, with its terms including the Rules of Judicial Administration.

7. This section provides in pertinent part:

 The Board shall have no power and exercises no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six (6) months after it accrued.

 Section 6 of the Board of Claims Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. § 4651-6.

■ Our standard of review is "limited to a determination of whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact were supported by substantial evidence." *Darien Capital Management v. Commonwealth of Pennsylvania, Public School Employes' Retirement System,* 549 Pa. 1, 5 n. 5, 700 A.2d 395, 396 n. 5 (1997), citing, *Commonwealth, Commission on Charitable Organizations v. Association of Community Organizations for Reform Now (ACORN),* 502 Pa. 1, 463 A.2d 406 (1983).

We must first determine whether the Commonwealth Court erred in holding that the Board lacked jurisdiction over Appellant's claim for reimbursement of attorney's fees. Appellant contends that the Board has jurisdiction because the claim arose from an employment relationship between the Commonwealth and its employee. Section 4 of the Board of Claims Act, 72 P.S. § 4651–4, provides in pertinent part:

> The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more. . . .

The Board's own regulation, 61 Pa.Code § 899.2, describes its jurisdiction as including:

> (1) the furnishing of goods or services, or both, to the Commonwealth, where the furnishing of such goods or services, or both, is not within the terms of a valid, existing contract between the Commonwealth and the claimant. . . .

Appellant argues that a fair reading of his complaint reveals that he was a Commonwealth employee and that he was suing the Commonwealth under a theory of implied contract. He contends that the terms of his "implied contract of employment" consist of relevant constitutional provisions, statutes and rules that govern his position as a district justice. Appellant analogizes his case to those where the court construed provisions in employment manuals as part of employment contracts when they were relied upon by the employer. *See*

*In re Colban,* 58 Pa.Cmwlth. 104, 427 A.2d 313 (1981); *De-Frank v. County of Greene,* 50 Pa.Cmwlth. 30, 412 A.2d 663 (1980). He suggests that we should likewise construe relevant rules, particularly Pa.R.J.A. 505(15), as part of his implied employment contract.

■ These arguments are not persuasive. Appellant focuses on his purported employment relationship with the Commonwealth and ignores the nature of the claim raised. In his complaint before the Board of Claims, Appellant set forth his term of employment and recognized that the Board possessed jurisdiction over contract claims, including implied contracts. He failed, however, to raise a contract *claim.* Instead, Appellant argued that the Pennsylvania Rules of Judicial Administration granted the AOPC power to furnish him with legal services. He further contended that the denial of attorney's fees violated due process because the executive branch of government was entitled to receive attorney's fees pursuant to the Pennsylvania Code. We reject the notion that these contentions derive from a contract, implied or otherwise, between the Commonwealth and Appellant. Moreover, as noted by the AOPC, the Board has no statutory authority to enforce rules of judicial administration or to substitute its judgment for that of the AOPC in determining whether legal fees should be reimbursed to judicial personnel.[8]

Having determined that the record supported the Commonwealth Court's findings and that no error of law or constitutional violation occurred, the issue raised by our grant of allocatur is resolved.[9] Remaining, however, are significant questions regarding: (1) whether a member of the unified judicial system is entitled to reimbursement for legal fees incurred following a criminal prosecution which resulted in his acquittal; (2) the appropriate forum in which to challenge the

8. Because we find that the Board has no jurisdiction over the claim raised, we need not examine whether the Board properly dismissed the case on the ground that it was untimely filed.

9. We granted allocatur to determine whether the Commonwealth Court erred in affirming the Board's dismissal based on its determination that Appellant did not allege a contractual claim.

AOPC's denial of reimbursement for legal fees; and (3) the standard which that forum must apply in reviewing such a claim. Because both parties' briefs discuss these issues, we shall accept Appellant's invitation to examine the remaining inquiries pursuant to our inherent statutory and constitutional powers.[10]

Appellant offers three reasons why he is entitled to reimbursement for legal fees following his acquittal of criminal charges that arose from his official duties as a district justice. First, he contends that the Pennsylvania Code provides for the reimbursement of reasonable legal fees. As noted in footnote five, *supra*, section 39.1 of the Administrative Code provides that the Office of General Counsel will reimburse an employee for reasonable attorney's fees if it determines that there is no basis for the criminal prosecution as a matter of law or fact. 4 Pa.Code § 39.1(a). It further states that the Office of General Counsel may also authorize the reimbursement of reasonable attorney's fees if the employee's criminal defense is successful. 4 Pa.Code § 39.1(b).

In the case of *In re Plevyak,* 83 Pa.Cmwlth. 81, 476 A.2d 487 (1984), the Commonwealth Court held that section 39.1 was promulgated pursuant to the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 51 *et seq.,* which, in pertinent part, provides, "subject to the

10. Article V, Section 2(c) of the Pennsylvania Constitution provides that we "shall have such jurisdiction as provided by law." Article V, Section 10 grants our Court general supervisory and administrative authority over all courts and justices of the peace, the power to appoint a court administrator, and the power to prescribe general rules governing the practice, procedure and conduct of all courts. It further grants our Court the power to prescribe rules governing "the administration of all courts and the supervision of all officers of the judicial branch."

The General Assembly restated our Court's authority to prescribe general rules in 42 Pa.C.S. § 1722, and to exercise general supervisory and administrative authority over all courts. 42 Pa.C.S. § 1723. Most significantly, § 1724, entitled "Personnel of the system," provides that we

... shall exercise general supervisory and administrative authority over the personnel of the system, including the power to:

(7) Promulgate rules and regulations defining the expenses for which the personnel of the system and members of advisory committees may be reimbursed.

provisions of this act, the executive board shall have the power ... [t]o make rules and regulations defining the expenses for which officers and employes of the *executive branch* of state government may be reimbursed...." 71 P.S. § 249 (emphasis added). Thus, section 39.1, authorizes designated members of the executive branch to determine whether to reimburse legal fees to employees of the executive branch who are charged with a crime. As Appellant is a judicial officer, section 39.1 has no application.

Second, Appellant contends that the disparity in the reimbursement policies of the executive branch and the judicial branch, which, according to the AOPC, denies reimbursement of legal fees for criminal prosecutions, violates due process. Appellant asserts that the executive, legislative and judicial offices are independent, co-equal branches of government. Accepting this precept as true does not lend to Appellant's argument. As noted by the AOPC, the assertion that each branch of government must afford identical rights and privileges to its respective employees would eviscerate the very independence that each branch is constitutionally granted.

Third, Appellant contends that he possesses at least a "conditional entitlement" to the reimbursement of legal fees pursuant to Pa.R.J.A. 505(15). As referenced in footnote six, *supra,* Rule 505, entitled "General Functions of the Administrative Office," states:

The Administrative Office shall have the power and its duties shall be:

(15) To provide personnel of the system legal services and, when appropriate, representation by legal counsel.

The recognition of this rule as a vehicle to pay for attorney's fees arising from legal actions commenced by judicial officers is not unprecedented. In *Lavelle v. Koch,* 532 Pa. 631, 617 A.2d 319 (1992), President Judge Lavelle of the Carbon County Common Pleas Court commenced an action in mandamus to compel the county to appropriate and disburse funding for the judicial system. Attorney's fees and costs associated with the litigation were also sought. Our Court accepted plenary

jurisdiction over the matter and ordered the appropriation of reasonable and necessary funding for the judicial system. That order was not obeyed and a contempt petition was filed.

Following negotiations, the parties agreed on the judicial positions requested, but the county failed to appropriate sufficient funds. Our Court adopted the recommendation of the master, which was to dismiss the complaint. We declined to exercise our inherent power to compel payment of the additional funding, holding that President Judge Lavelle had failed to establish that the funding requests were reasonably necessary.

We further denied the request for counsel fees stating:

There is no statute authorizing an award of attorney fees in a case like this. Nor is there any established exception permitting the practice. Moreover, we are not persuaded by President Judge Lavelle's pleas that we create an exception now. Specifically, he argues that the judiciary's inherent powers to compel funding are meaningless unless the legislative branch is obligated to cover the costs associated with bringing an action in mandamus. However, that argument ignores the fact that any member of this Commonwealth's judiciary can turn to the Administrative Office of Pennsylvania Courts for "legal services and, when appropriate, representation by legal counsel." Pa.R.J.A. 505(15).

*Id.* at 638, 617 A.2d at 323.[11]

In *Snyder v. Snyder*, 533 Pa. 203, 620 A.2d 1133 (1993), a similar action was commenced by President Judge Snyder of the Jefferson County Common Pleas Court to compel Jefferson County to appropriate funding for the judicial system. Attorney's fees and costs were also requested. After granting the petition to exercise plenary jurisdiction over the matter, we dismissed the complaint on the grounds that President Judge Snyder failed to establish that the common pleas court's

11. We note that President Judge Lavelle did not seek reimbursement for counsel fees from the AOPC pursuant to Rule 505(15). Our Court merely recognized that he could have recourse to the AOPC, as opposed to seeking counsel fees from the opposing party.

ability to attract and retain qualified employees was impaired by the level of funding approved by the county.

We also denied the President Judge's request for attorney's fees and costs, rejecting the argument that the costs were reasonably necessary for the proper functioning of the court. We held that by funding the AOPC, the legislature made provisions for the judiciary to assert its rights.[12] We stated:

> Of course, the AOPC is under no obligation to represent every court in every funding dispute that may arise. Nor is it under any obligation to pay someone else to do so. As the Pennsylvania Rules of Judicial Administration make clear, the AOPC has discretion to determine whether, in its judgment, a matter is "appropriate" for it to handle or to which it should devote its resources.

*Id.* at 212, 620 A.2d 1133.

We recognize that these cases do not involve actions against the AOPC for the reimbursement of attorney's fees arising from the criminal prosecution of a judicial officer. They do establish, however, that pursuant to Rule 505(15), a judicial officer may be granted reimbursement for legal fees, subject to the discretion of the AOPC. The plain language of the Rule establishes that the AOPC has the duty, when appropriate, to provide legal services to judicial personnel. The Rule does not exclude legal services relating to the criminal defense of a judicial officer.

Accordingly, we reject the AOPC's policy of refusing to pay for legal fees arising from any criminal prosecution of a judicial officer without considering the nature of the charges or the fact that the judicial officer was acquitted. Under certain circumstances, members of the unified judicial system should be entitled to recompense when they are forced to defend their official actions in a criminal proceeding. Even the AOPC concedes that the use of public funds to defend judicial employees arguably serves the valid public purpose of recruitment and retention of qualified public servants. Appel-

---

12. As in *Lavelle,* President Judge Snyder did not request reimbursement from the AOPC pursuant to Rule 505(15).

lee's Brief at 31.[13] The AOPC further recognizes that reimbursement of counsel fees for the criminal defense of one of its members has been contemplated expressly by the executive branch of government, 4 Pa.Code § 39.1, and impliedly by the legislative branch.[14]

 Pursuant to our inherent authority to review decisions made by an agency to which we delegated our authority, we therefore hold that a judicial officer may be entitled to reimbursement for counsel fees arising from his criminal prosecution if the following requirements are met: First, notice must be given to the AOPC within a reasonable time after the charges are filed. Second, the criminal charges must arise directly from the judicial officer's performance of his official duties. Third, the judicial officer must be acquitted of the crimes charged or the charges must be dismissed or nolle prossed.[15] Fourth, the legal expenses must be reasonable and necessary. We further conclude that interest assessed on outstanding bills for legal services and attorney's fees generated to obtain payment of bills for legal services may not be included in an award of attorney's fees.[16]

13. The AOPC also acknowledges that failing to provide a publicly funded defense arguably may cripple an official's ability to execute the law. Appellee Brief at 32.

14. The AOPC represented that the Pennsylvania Senate advised that it has no policy for reimbursement of counsel fees where a Senator is charged with a criminal act while performing his or her official duties. It further asserted that the House of Representatives advised that it has an informal policy that if criminal charges are brought against a house member, no representation will be offered, but if the member is acquitted or the charges are dropped, attorney fees may be paid. Appellee's brief at 34.

15. This does not include any pre-trial diversionary programs, negotiated pleas, or admittance into any Accelerated Rehabilitation Disposition programs.

16. We also denied attorney's fees generated to obtain payment of bills for legal services in *Commonwealth ex rel. Jiuliante v. County of Erie*, 540 Pa. 376, 390, 657 A.2d 1245, 1252 (1995). There, Judge Jiuliante filed a complaint in mandamus on behalf of the judges of the Erie County Court of Common Pleas against the County of Erie to recover attorney's fees accrued during litigation wherein the court successfully challenged the applicability of an anti-nepotism policy to court-related employees. We held that the preservation of the independence of the

■ To comport with the dictates of due process, the judicial employee shall be given an opportunity to be heard should the AOPC deny a claim. The AOPC shall designate a hearing examiner who will issue findings of fact and conclusions of law. Similar to the procedure employed when a claim for reimbursement is filed by an employee of the executive branch pursuant to 4 Pa.Code § 39.1, the judicial officer could then appeal the adjudication to the Commonwealth Court. *See* 42 Pa.C.S. § 763(a)(1) (Commonwealth Court has jurisdiction of appeals from Commonwealth agencies under the Administrative Agency Law).

■ The scope of review to be applied to the AOPC's decision denying reimbursement is set forth in the Administrative Agency Law.

The court shall hear the appeal without a jury on the record certified by the Commonwealth agency. After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law ... or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence....

2 Pa.C.S. § 704; *See also, In re Plevyak,* 83 Pa.Cmwlth. 81, 476 A.2d 487 (1984) (scope of review applicable to review a Department of Public Welfare employee's request for reimbursement for attorney's fees incurred as a result of criminal charges arising from employment).

Accordingly, the order of the Commonwealth Court is reversed. The matter is remanded to the Commonwealth Court with direction to transfer the matter to the AOPC to review

judiciary through the separation of powers warranted the engrafting of an exception to the general rule that a litigant cannot recover counsel fees from an adverse party. We concluded that "attorney's fees may be awarded in a successful action challenging conduct which genuinely threatens or interferes with the inherent authority of the judiciary." *Id.* at 390, 657 A.2d at 1252.

Appellant's request for attorney's fees in a manner consistent with this opinion.[17]

Justice CAPPY concurs in the result.

17. Because Rule 505(15) does not expressly require that notice of the charges be given to the AOPC, Appellant was unaware of this requirement at the time the criminal charges were filed. Therefore, this element of the four-part test is inapplicable to Appellant when the AOPC examines his claim.