617 A.2d 319

Honorable John P. LAVELLE, President Judge, Carbon County Court of Common Pleas, individually and on behalf of the Carbon County Court of Common Pleas, Plaintiff,

v.

Honorable Albert U. KOCH, Chairman of the Carbon County Board of Commissioners, Honorable Luther A. Getz, Vice–Chairman of the Carbon County Board of Commissioners, and Honorable Dean D.W. DeLong, Member of the Carbon County Board of Commissioners, Defendants.

Supreme Court of Pennsylvania.

Argued Dec. 7, 1990.

Decided Nov. 25, 1992.

632

John M. Elliott, Blue Bell, Neil T. O'Donnell, Pittston, for plaintiff.

Robert L. Knupp, Harrisburg, for amicus—Penna. State Assoc. of County Com'rs.

Richard DiSalle, Pittsburgh, for amicus—The PA Conference of State Trial Judges.

Henry T. Reath, Philadelphia, for amicus—As a taxpayer and an attorney.

Joseph J. Velitsky, Sol. of the Carbon County Bd. of Com'rs, for defendants.

Roger N. Nanovic, Jim Thorpe, for Koch, J., Getz, J. and DeLong, J.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

NIX, Chief Justice.

This matter originated as a complaint in mandamus whereby President Judge Lavelle sought to compel the three County Commissioners sitting as members of the Carbon County Salary Board to appropriate and disburse funds reasonably

necessary for the Carbon County Court in fiscal year 1989.[1] The complaint also demanded payment of attorneys fees and costs. On April 18, 1989, this Court took plenary jurisdiction and ordered the appropriation of "reasonable and necessary funding" for the Carbon County judicial system. That order was not obeyed, and President Judge Lavelle subsequently filed a petition for contempt with this Court. On December 18, 1989, President Judge Lavelle petitioned this Court to advance and expedite resolution. On February 5, 1990, this Court appointed Judge Silvestri Silvestri as Master, and on August 18, 1990, he issued a report recommending that the complaint be discharged. President Judge Lavelle and the Commissioners timely filed exceptions to that report. We now proceed to consider those exceptions and the report as a whole.

The Master's Report adequately and thoroughly recounts the events giving rise to this case. For the purposes of this decision, it is only necessary to review the following essential facts. After consulting various labor market studies and wage rate comparisons, President Judge Lavelle developed what he called a Career Service Scale, which he used to prepare his court's salary budget proposal for the 1989 fiscal year. He presented that proposal to the Carbon County Commissioners in September 1988, when the Chief Clerk of the Commissioners' Office requested the information as part of the annual budget development process. That proposal was tentatively adopted by the Commission in December 1988, leaving only the Carbon County Salary Board to act before the budget became final. It is routine for the Board to begin formally adopting salary budgets at a meeting held early in January of the fiscal year.

1. The defendants argue that this suit cannot be sustained.because the plaintiff failed to sue the two remaining members of the five-member Salary Board. However, contrary to what the defendants claim, those two individuals are not indispensible parties. Since they approved the amounts requested for judicial staff salaries, redress is not sought against them. Nor will their rights be impaired by the relief we are asked to grant. *Sprague v. Casey*, 520 Pa. 38, 48–49, 550 A.2d 184, 189 (1988). Thus we may proceed to consider the merits of this case.

In this case, President Judge Lavelle did not receive everything that he requested. Three days prior to the Board's first meeting, he provided the Commisioners with a position-by-position breakdown of proposed salaries. At various times in 1989, the Salary Board convened to address this proposal. Collectively, the meetings resulted in a variety of adjustments to some positions and salaries, including the creation or elimination of specific jobs. In the end, the Salary Board approved all positions requested by President Judge Lavelle for the Carbon County Court System. However, the Master made the finding that the amount appropriated to fund the positions authorized was $22,716 less than the $587,940 originally requested. President Judge Lavelle now urges this Court to exercise its inherent power to compel payment of this disputed amount.

This case requires this Court to apply long-standing principles pertaining to the way in which courts in this Commonwealth are expected to obtain funding. As an initial matter, it is well established that the judiciary possesses inherent power to compel expenditures necessary to prevent the impairment of its exercise of the judicial power or of the proper administration of justice. *Beckert v. Warren*, 497 Pa. 137, 144, 439 A.2d 638, 642 (1981); *Commonwealth ex rel. Carroll v. Tate*, 442 Pa. 45, 52, 274 A.2d 193, 197 (plurality opinion), *cert. denied sub nom. Tate v. Pennsylvania ex rel. Jamieson*, 402 U.S. 974, 91 S.Ct. 1665, 29 L.Ed.2d 138 (1971); *Leahey v. Farrell*, 362 Pa. 52, 58, 66 A.2d 577, 579 (1949); *Commonwealth ex rel. Hepburn v. Mann*, 5 Watts & Serg. 403 (1843); *In re Surcharge of County Commissioners*, 12 Pa. D. & C. 471 (C.D. Lackawanna 1928) (Maxey, J.). However, the exercise of that power is justified only under certain conditions so as not to offend the doctrine of separation of powers.

That doctrine derives from the fundamental precept that the executive, the legislature and the judiciary are independent, co-equal branches of government, none of which should exercise functions exclusively committed to another branch. *Beckert v. Warren*, 497 Pa. at 144–45, 439 A.2d at 642; *Zemprelli v. Daniels*, 496 Pa. 247, 254, 436 A.2d 1165, 1168 (1981);

*Sweeney v. Tucker,* 473 Pa. 493, 507–08, 375 A.2d 698, 705 (1977). This allocation of governmental powers is designed to avoid the tyranny that arises when absolute power is entrusted to a single body. The Federalist No. 47 (J. Madison).

Thus, the inherent judicial power to compel expenditures is reserved for exceptional cases. "There must be a *genuine threat* to the administration of justice, that is, a nexus between the legislative act and the injury to the judiciary, not merely a theoretical encroachment by the legislature." *Beckert v. Warren,* 497 Pa. at 147, 439 A.2d at 643; *Ellenbogan v. County of Allegheny,* 479 Pa. 429, 438, 388 A.2d 730, 735 (1978); *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Bd.,* 479 Pa. 440, 447–48, 388 A.2d 736, 739–40 (1978). Only when the legislature's denial of funds genuinely threatens the administration of justice (thereby violating the constitution) may the judiciary exercise its inherent power to compel funding. Furthermore, when urging this Court to exercise the judiciary's inherent powers, the plaintiff court has the burden of proving that its funding requests are reasonably necessary. *Beckert v. Warren,* 497 Pa. at 154–55, 439 A.2d at 647; *Carroll v. Tate,* 442 Pa. at 55, 274 A.2d at 199 (citing *Leahey v. Farrell,* 362 Pa. 52, 66 A.2d 577 (1949)).

For the reasons that follow, we find that President Judge Lavelle has failed to meet that burden. Generally, a court seeking salary increases will meet its burden by showing that its proposed salaries are reasonably necessary to attract and retain qualified people. This Court cannot make that determination without knowing how current and proposed salaries compare with those offered by other employers with whom the court competes. Thus, in *Goodheart v. Casey,* 521 Pa. 316, 555 A.2d 1210 (plurality opinion) *aff'd on reconsid.,* 523 Pa. 188, 565 A.2d 757 (1989), this Court compared the compensation of Commonwealth judges with that of federal judges and lawyers with equal experience and training in the private sector. Satisfied that our appreciably lower compensation levels impaired our ability to attract and retain qualified judges, this Court affirmed the Commonwealth Court, which invalidated

the legislature's reduction in pension benefits offered to judges appointed after 1974. *Id.* at 328–29, 555 A.2d at 1216.[2]

In this case President Judge Lavelle has not offered any evidence showing how his proposed salaries compare with those offered by any other employers. In the absence of that information, it is impossible to assess whether the Carbon County Court System faces any "genuine threat" to its ability to attract and retain qualified employees. It may be true that President Judge Lavelle consulted various labor market studies and wage rate comparisons to prepare the salary scale that formed the basis of his budget proposal. However, that is not enough to prevail in a mandamus action urging this Court to take the extraordinary step of exercising its inherent powers.

It is this Court's responsibility to determine the reasonable necessity of any funding request, while the plaintiff court has the burden of actually proving reasonable necessity. That burden cannot be met by merely asserting that funds are reasonably necessary. Rather, the court is obligated to introduce evidence that points to the reasonable necessity of any funding request. If President Judge Lavelle is complaining that the current compensation levels are inadequate, he must satisfy this Court that his ability to attract and retain qualified employees is impaired. He has not provided information that is critical to making his case. On that basis alone, we are compelled to deny his request for funding,[3] notwithstanding the numerous exceptions he takes to the Master's Report.[4]

2. This Court also observed that the reduction in benefits to judges entering service after 1974 was at odds with the mandate that there be but "one adequate compensation for each of the judges of the same court." *Id.* at 327, 555 A.2d at 1215 (citing *Commonwealth ex rel. Carson v. Mathues*, 210 Pa. 372, 427, 59 A. 961, 981 (1904)).

Salary increases were also at issue in *Beckert v. Warren.* Although the claim was not based on an exercise of any inherent power, we noted that the Master properly inquired into the "economic justification" for the proposed increase. 497 Pa. at 161, 439 A.2d at 651.

3. This result is not inconsistent with our April 18, 1989 order that "reasonable and necessary" funds be appropriated. On that occasion, we did not specify what constituted reasonable and necessary funds, while today we find that President Judge Lavelle has not satisfied his burden of proving the reasonable necessity of the amount he requested.

4. President Judge Lavelle's principal exceptions are that the Master:

638

 We also have no choice but to deny President Judge Lavelle's request for attorneys fees and costs. We have consistently reaffirmed that in this Commonwealth, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception. *Chatham Communications Inc. v. General Press Corp.*, 463 Pa. 292, 300–01, 344 A.2d 837, 842 (1975); citing *Shapiro v. Magaziner*, 418 Pa. 278, 280, 210 A.2d 890, 892 (1965). There is no statute authorizing an award of attorney fees in a case like this. Nor is there any established exception permitting the practice. Moreover, we are unpersuaded by President Judge Lavelle's pleas that we create an exception now. Specifically, he argues that the judiciary's inherent powers to compel funding are meaningless unless the legislative branch is obligated to cover the costs associated with bringing an action in mandamus. However, that argument ignores the fact that any member of this Commonwealth's judiciary can turn to the Administrative Office of Pennsylvania Courts for "legal services and, when appropriate, representation by legal counsel." Pa.R.J.A. No. 505(15). Thus, it cannot be said that our decision to deny attorneys fees and costs deprives the judiciary of a vital "checking" power over the legislative branch. *See Beckert v. Warren*, 497 Pa. at 145, 439 A.2d at 643.

1. applied the improper legal standard to determine "reasonable necessity,"
2. improperly applied the principles of mandamus as to the burden of proof,
3. improperly concluded that impairment of the judicial system was not shown,
4. improperly concluded that the unfunded salary budget requests were not shown to be "reasonably necessary,"
5. improperly refused to consider salary requests for 1988 and 1990 and events occurring during those years, and
6. improperly refused to consider the placement of one-half of the 1989 budget in escrow pending assumption by the state of the responsibility for funding county courts.
The balance of the exceptions are either trivial or simply without merit.

For the reasons explained above, we hereby dismiss President Judge Lavelle's complaint in mandamus. Attorneys fees and costs are also denied.

McDERMOTT, J., did not participate in the consideration or decision of this case.