626 A.2d 492

**COUNTY OF ALLEGHENY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

May 26, 1993.

*OPINION OF THE COURT*

FLAHERTY, Justice.

The Pennsylvania State Association of County Commissioners and the Counties of Allegheny, Beaver, Clarion, Forest, Tioga and Washington have filed a Motion to Enforce Judg-

ment in the above captioned case. The movants in this action seek "an Order directing the Commonwealth of Pennsylvania to restore the level of funding existent in 1987 for Common Pleas Courts and district justice offices." They claim that because the 1992–93 Pennsylvania budget eliminates all sums previously granted for Common Pleas Courts and District Justice Offices, the legislature has "reduced" the prior system of county funding, in contravention of our order.

In *County of Allegheny v. Commonwealth* we entered judgment for Allegheny County as follows:

> [W]e hold that the statutory scheme for county funding of the judicial system is in conflict with the intent clearly expressed in the constitution that the judicial system be unified. The order of Commonwealth Court is vacated and judgment is entered for the County.
>
> However, because this order entails that present statutory funding for the judicial system is now void as offending the constitutional mandate for a unified system, we stay our judgment to afford the General Assembly an opportunity to enact appropriate funding legislation consistent with this holding. Until this is done, the prior system of county funding shall remain in place.

517 Pa. 65, 76, 534 A.2d 760, 765 (1988).

Our 1987 order had nothing to do with *levels* of funding, but only with the method of funding. Because the instant petition is couched in terms of levels of funding, rather than the method of funding, the question of whether the legislature has violated our order is not squarely before us, for the system of funding is now the same as it was in 1987: the legislature now, as then, may choose or not choose to make contributions to fund county courts.

Accordingly, the motion for enforcement of judgment is denied.

NIX, C.J., files a dissenting opinion.

LARSEN, J., files a dissenting opinion which is joined by PAPADAKOS, J.

PAPADAKOS, J., files a dissenting opinion.

NIX, Chief Justice, dissenting.

I dissent and would revoke the original order in *County of Allegheny v. Commonwealth*, 517 Pa. 65, 534 A.2d 760 (1987). As I stated in my dissent in *County of Allegheny*, I do not believe that this Court enjoys the prerogative of questioning the wisdom of the General Assembly's financing scheme. *Id.* at 87, 534 A.2d at 768 (Nix, C.J., dissenting). Therefore, this Court should never have interfered with a legislative scheme entirely within the province of the General Assembly. The tragedy of the present situation is that the majority's order in *County of Allegheny* is unenforceable, and unenforceable orders like this breed contempt for the judgments of this Court.[1]

LARSEN, Justice, dissenting.

I dissent and would either grant the requested relief of state funding for the courts or revoke the original order in *County of Allegheny v. Commonwealth of Pennsylvania*, 517 Pa. 65, 534 A.2d 760 (1987), mandating state funding of the entire unified judicial system. To do otherwise leaves this Court's proclamation of law in *County of Allegheny* perpetually unenforceable and thus a mere abstraction.

PAPADAKOS, J., joins in this dissenting opinion and files a dissenting opinion.

1. This is in no way inconsistent with this Court's opinion in *Lavelle v. Koch*, 532 Pa. 631, 617 A.2d 319 (1992). In that matter, which originated as a complaint in mandamus, we stated that "[o]nly when the legislature's denial of funds genuinely threatens the administration of justice (thereby violating the constitution) may the judiciary exercise its inherent power to compel funding." *Id.* at 636, 617 A.2d at 321. *Lavelle* addressed the obligation to provide the funding whereas the matter herein involves the General Assembly's discretion in determining an appropriate scheme of funding.

PAPADAKOS, Justice, dissenting.

I join in the Dissenting Opinion authored by Mr. Justice Larsen and express my concern that this Court stands mute and ineffective in its interpretation of the Pennsylvania Constitution requiring the State to provide statewide funding for the uniform judicial district. Political considerations should be put aside and the Pennsylvania Constitution should be enforced.