**REGIS INSURANCE COMPANY,**
Appellee

v.

**Stephen J. WOOD and William S. Wood, t/a Woody's Bar and Ryan Hall,**

**Appeal of: Stephen J. Wood and William S. Wood t/a Woody's Bar Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 7, 2003.

Filed June 8, 2004.

---

Thomas F. Reilly, Philadelphia, for appellants.

Edward M. Koch, Philadelphia, for appellee.

Before: STEVENS, OLSZEWSKI, and BECK, JJ.

STEVENS, J.

¶ 1 This is an appeal from the order entered by the Court of Common Pleas of Philadelphia County denying Appellants Stephen J. Wood and William S. Wood's t/a Woody's Bar ("Woody's"), motion for counsel fees incurred in the defense of a declaratory judgment action filed by Appellees Regis Insurance Company ("Regis"). Herein, Woody's contends that the trial court erred in reviewing their motion for counsel fees under 42 Pa.C.S.A. § 8371 and caselaw interpreting the Declaratory Judgment Act, 42 Pa.C.S.A. §§ 7531–7541, both of which condition awarding counsel fees on an insurer's "bad faith" refusal to defend and indemnify the insured in a third party litigation. In the alternative, Woody's argues that the Act's "bad faith" standard is less demanding than that found in Section 8371, and was met by Regis. According to Woody's, however, the proper standard of review for attorneys' fees in this case is actually found in 42 Pa.C.S.A. § 2503(7) and (9), which provide for fees in response to another party's arbitrary, vexatious or bad faith conduct during the pendency of a matter. We affirm.

¶ 2 This case stems from Regis's refusal to defend Woody's in an underlying tort action filed by Ryan Hall, a patron of Woody's who was injured in a bar fight. Regis's position was that a recent change to the commercial liability insurance policy it had in effect with Woody's excluded assault and battery liability coverage. Regis thereafter filed a declaratory judgment action seeking declaration that it had no duty to cover Woody's in the Hall tort action.

¶ 3 Cross-motions for summary judgment on stipulated facts were filed, and the trial court ruled that Regis did, in fact, have a duty to defend and indemnify, because Regis had failed to give proper notice of the new policy exclusion to Woody's. The court also ruled, however, that Regis had not acted in bad faith under Section

8371[1] in its refusal to satisfy its duty, as there was a legitimate question as to whether Regis had satisfactorily notified Woody's of the new policy exclusion through Walton Tucker, who handled all of Woody's insurance needs. On appeal, this Court affirmed both rulings,[2] and Regis thus forwarded full payment to Woody's on the underlying tort judgment.

¶ 4 Woody's thereafter filed the present motion for attorneys' fees and costs incurred in the declaratory judgment action. In support of its motion, Woody's argued that the previous decision that Regis had not withheld coverage and instituted the declaratory judgment action in bad faith under Section 8371 was irrelevant to the issue of whether attorneys' fees should now be awarded. According to Woody's, the Declaratory Judgment Act permits awarding attorneys' fees as required in the interests of justice, and justice requires making financially whole an innocent insured who is compelled to defend himself in a declaratory judgment action filed by an insurer who failed to conduct appropriate pre-filing investigation into the merits of its position. Moreover, such a failure to investigate, Woody's argued, was just the type of arbitrary or vexatious conduct identified in Sections 2503(7) and (9), *supra* that entitles a moving party to attorneys' fees.

¶ 5 The trial court denied Woody's motion, finding that issue of Regis's bad faith conduct came under Section 8371 and was, therefore, already litigated in Regis's favor. In the alternative, the trial court determined that even jurisprudence preceding the effective date of Section 8371 required a showing of the insured's bad faith before awarding attorneys' fees under the Declaratory Judgment Act. This timely appeal followed.

¶ 6 Woody's raises the following issues for our review:

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN NOT AWARDING COUNSEL FEES AND COSTS TO APPELLANTS STEPHEN J. WOOD AND WILLIAM S. WOOD UNDER THE DECLARATORY JUDGMENT ACT?

II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND MISAPPLIED THE LAW BY EMPLOYING THE STATUTORY BAD FAITH STANDARD OF 42 Pa.C.S.A. § 8371 TO APPELLANT'S PETITION FOR COUNSEL FEES AND COSTS WHEN DECIDING NOT TO AWARD THE COUNSEL FEES AND COSTS?

III. WHETHER THE TRIAL COURT MISAPPLIED THE LAW AND THE FACTS IN FINDING THAT APPELLANTS STEPHEN J. WOOD AND WILLIAM S. WOOD WERE NOT DUE COUNSEL FEES UNDER 42 Pa.C.S.A. § 2503(7) AND ...(9)?

Brief for Appellants at 3.

■ ¶ 7 Our standard of review of awards of attorneys' fees is well-settled. Whether to award attorneys' fees and

---

1. " § 8371. **Actions on insurance policies**," provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted **in bad faith** toward the insured, the court may take all of the following actions:
\* \* \*

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371. (emphasis added).

2. *Regis v. Wood*, Nos. 2455 & 2491 EDA 2000, unpublished memorandum at 5–7 (Pa.Super. filed June 18, 2001).

costs incurred in bringing an action are within the discretion of the trial court, and we will not reverse a trial court's decision on the matter in the absence of an abuse of discretion. *First Pennsylvania v. National Union*, 397 Pa.Super. 612, 580 A.2d 799 (1990).

¶ 8 After a careful review of the record, party briefs, and the trial court opinion by the Honorable Albert John Snite, Jr., we find no abuse of discretion compelling reversal. Specifically, we find Regis's conduct satisfied none of the conditions for awarding fees found in Section 8371, the Declaratory Judgment Act, and Section 2503(7) and (9).

■ ¶ 9 Whether under Section 8371, *supra*, or the Declaratory Judgment Act, an award of attorneys' fees where an insurer refuses to indemnify in an underlying case requires a showing that such refusal was in bad faith. Section 8371 "bad faith" by an insurer is any frivolous or unfounded refusal to pay proceeds of a policy, even if the refusal does not rise to the level of fraud; it imports dishonest purpose and means breach of a known duty of good faith and fair dealing through some motive of self-interest or ill-will. *Woody v. State Farm Fire and Cas. Co.*,

965 F.Supp. 691 (E.D.Pa.1997) (reciting Pennsylvania law on Section 8371). Woody's concedes that Regis's conduct did not rise to this level, and argues instead that a lower standard of bad faith applies under the Declaratory Judgment Act. We see no basis in law for Woody's position.

¶ 10 In *Kelmo Enterprises v. Commercial Union Ins.*, 285 Pa.Super. 13, 426 A.2d 680 (1981), *disapproved on other grounds, Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983), this Court recognized the "American Rule" against the imposition of counsel fees absent express statutory authorization, a clear agreement of the parties, or some other established exception. *See Lavelle v. Koch*, 532 Pa. 631, 617 A.2d 319 (1992) (discussing "American Rule"). We found in the Declaratory Judgment Act's Sections 7538[3] and 7541,[4] however, statutory authorization for counsel fees in limited circumstances, via the Act's purpose of providing "supplemental relief" in "the interests of justice."

■ ¶ 11 We then considered a split of authority among other jurisdictions as to what circumstances allow for an insured to recover his attorneys' fees "for the prose-

3. " § 7538. **Applications for relief**," provides in pertinent part:

(a) General Rule.—Judicial relief based on a declaratory judgment or decree may be granted whenever necessary of proper, subject to Chapter 55.... If an application for supplemental relief is deemed sufficient the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by a previously entered declaratory judgment or decree to show cause why further relief should be granted.

42 Pa.C.S.A. § 7538(a).

4. " § 7541. **Construction of subchapter**," provides in pertinent part:

(b) Effect of alternate remedy.—The General Assembly finds and determines that

the principle rendering declaratory relief unavailable in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished.... Where another remedy is available the election of the declaratory judgment remedy rather than another available remedy shall not affect the substantive rights of the parties, and the court may pursuant to general rules change venue, require additional pleadings, fix the order of discovery and proof, and take such other action as may be required in the interest of justice.

cution *or defense* of a declaratory judgment action." *Kelmo*, 426 A.2d at 684 (emphasis added).[5] On one side, there was the opinion that the mere showing of the insurer's breach of the insurance contract was sufficient to award attorneys' fees, under the theory that the insured's fees were a direct loss incidental to the insurer's breach of contract. On the other, only the additional showing of the insurer's bad faith justified fees:

> We are convinced the true rule should be that an insurer who refuses, contrary to its contractual obligation, to defend a third-party action against its insured on the ground the policy involved affords no coverage is liable for attorney fees incurred by the insured in defense of the action brought against him. But, this general rule does not serve to sustain an award for expenses incurred in an action to establish insurance coverage unless there is a showing made in the declaratory judgment action that the insurance company has acted in "bad faith or fraudulently or was stubbornly litigious.".…

*Kelmo*, 426 A.2d at 685 (quoting *New Hampshire Insurance Co. v. Christy*, 200 N.W.2d 834, 843–44 (Iowa 1972)). We agreed with this latter position, and held that

> an insured who is compelled to bring a declaratory judgment action to establish his insurer's duty to defend an action brought by a third party may recover his attorneys' fees incurred in the de-

claratory judgment action if the insurer has, in bad faith, refused to defend the action brought by the third party.

*Kelmo, supra.* Subsequent appellate court decisions in this Commonwealth have followed this holding. *See Juban v. Schermer*, 751 A.2d 1190 (Pa.Super.2000) (recognizing the *Kelmo* holding that an attorneys' fees award under the Declaratory Judgments Act "was appropriate where the insurer's refusal to defend was unreasonable and in bad faith.").

¶ 12 This line of holdings emphasizes that only the rather limited circumstances of an insurer's unreasonable and bad faith refusal to defend and indemnify require awarding attorneys' fees to effectuate a declaratory judgment. There is thus no apparent reason to interpret the bad faith requirement as being any less stringent than it is in the Section 8371 context, and we decline Woody's invitation to do so.

■ ¶ 13 Nor do we find that the trial court erred by refusing to award fees under Section 2503(7) or (9) for Regis's attorneys' allegedly vexatious, arbitrary, or bad faith filing of the declaratory judgment action. First, we find no reason not to apply our holding in *Kelmo* to claims of attorney misbehavior in the declaratory judgment action, as the "stubbornly litigious" conduct targeted by the *Kelmo* decision clearly concerned the declaratory judgment action and not the underlying third party action. Moreover, there is no meaningful difference between the stubbornly litigious, unreasonable, and bad

---

5. We therefore reject Woody's contention that an insured is more deserving of an attorneys' fees award when he is the declaratory judgment action defendant. Attorneys' fees are awardable under the Declaratory Judgment Act when necessary to effectuate the ultimate declaratory judgment. *Mosaica Acad. Charter Sch. v. Commonwealth*, 572 Pa. 191, 210, 813 A.2d 813, 824 (2002) ("Thus, the [Superior Court] in *Kelmo* [used] Sections 7538 and 7541(b) to award counsel fees as supplemental relief under the Declaratory Judgments Act **to effectuate the declaratory judgment previously entered by the court**") (emphasis added). This inquiry turns not on who brought the action, but, as explained *infra*, only on whether the action was brought because of the insurer's bad faith conduct in denying coverage.

faith conduct identified in Declaratory Judgment Act caselaw, and the arbitrary, vexatious, obdurate, and bad faith conduct identified in Section 2503. To that extent, the trial court's review of this attorneys' fee issue within the Declaratory Judgment Act was not error.

¶ 14 In any event, as we noted in our earlier decision in this case,[6] the evidence was not entirely clear at the outset if insurance agent Tucker, the insurance agent liaison between the parties, was the agent of Woody's or the agent of Regis for purposes of analyzing notice of and consent to the insurance contract's new assault and battery exclusion. Therefore, we cannot find that Regis's filing of the declaratory judgment action was anything except a legitimate act to clarify its legal obligations with regard to Woody's underlying tort claim defense.

¶ 15 Accordingly, we affirm the order entered below denying Woody's motion for attorneys' fees.

¶ 16 Order affirmed.

---

6. *Regis v. Wood,* Nos. 2455 & 2491 EDA 2000, at 5–7.