J-S44014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEL LEVIERE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PRESTON FORD, INC., | |
| Appellant | No. 196 WDA 2014 |

Appeal from the Order Entered December 30, 2013
In the Court of Common Pleas of Mercer County
Civil Division at No(s): 2011-1091

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 06, 2014**

Appellant, Preston Ford, Inc., appeals from the trial court's December 30, 2013 order awarding Appellee, Del LeViere, $50,359.15 in attorneys' fees.  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> This is a used car case.  Plaintiff Del LeViere alleged that Defendant Preston Ford, Inc.[,] sold him a used car that had been in an undisclosed frame-bending accident.  Mr. LeViere's *Complaint in Civil Action* contained three counts – fraud, violation of the federal Magnuson-Moss [Warranty] Act [(MMWA)], and violation of Pennsylvania's Unfair Trade Practices [and Consumer Protection] [L]aw [(UTPCPL)].  The *Complaint* was filed on March 30, 2011 (there had been some pre-*Complaint* negotiations), and the case settled about 2½ years later[,] on … the morning of trial on September 10, 2013.  Preston Ford agreed to buy back the car from Mr. LeViere by paying off the remainder of his car loan and paying directly to him the difference between the remaining amount of the car loan

and the purchase price. The settlement did not address the issue of attorneys' fees.

On November 14, 2013, [LeViere's] counsel filed *Plaintiff's Petition for Counsel Fees and Costs* (which included 18 exhibits) and a *Memorandum of Law in Support of Plaintiff's Petition for Counsel Fees and Costs*. [LeViere] claimed $50,359.15 in fees and costs. On December 11, 2013, [Preston Ford] filed *Defendant's Answer to Plaintiff's Petition for Counsel Fees and Costs*, followed by a *Memorandum in Support of Defendant's Answer to Plaintiff's Petition for Counsel Fees and Costs* on December 19, 2013. This Court held a hearing on the Petition [on] December 19, 2013. [LeViere] then filed [a] *Reply in Support of Petition for Fees and Costs* on December 27, 2013, and this Court granted [his] petition in its entirety on December 31, 2013, granting [LeViere] the full $50,359.15 in fees and costs. [Preston Ford] then filed a *Motion for Reconsideration* on January 6, 2014, which this Court denied on January 30, 2014.

Trial Court Opinion (TCO), 3/27/14, at 1-2.

Preston Ford filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Herein, it raises two issues for our review:

1. Whether the trial court erred in finding that [LeViere] was the prevailing party pursuant only to the Court Order of September 10, 2013[,] which only rescinded the contract between the parties[?]

2. Whether the trial court erred in awarding [LeViere] his attorney's fees without an evidentiary hearing to determine the reasonableness and necessity for said fees?

Preston Ford's Brief at 4.

To begin, we note that "[o]ur standard of review of awards of attorneys' fees is well-settled. Whether to award attorneys' fees and costs incurred in bringing an action [is] within the discretion of the trial court, and we will not reverse a trial court's decision on the matter in the absence of an

abuse of discretion." ***Regis Ins. Co. v. Wood***, 852 A.2d 347, 349-350 (Pa. Super. 2004) (citing ***First Pennsylvania v. National Union***, 580 A.2d 799 (Pa. Super. 1990)).

Preston Ford's first issue entails three sub-arguments. First, Preston Ford contends that the court erred by granting LeViere attorneys' fees because he is not a 'prevailing party' under the MMWA. Second, Preston Ford argues that LeViere is also not entitled to attorneys' fees under the UTPCPL because LeViere did not suffer "actual damages[,] nor has a determination been made that he suffered damages[,] as a result of any act declared unlawful by the UTPCPL." Preston Ford's Brief at 11. Finally, Preston Ford contends that LeViere should not have been awarded attorneys' fees because he failed to prove under "which theory of liability the settlement occurred[,]" *i.e.*, his fraud action, the MMWA, or the UTPCPL, and "there [is] not a common core set of facts" relieving LeViere of the duty to specify the theory under which he is seeking attorneys' fees. ***Id.***

Initially, we conclude that Preston Ford waived its latter two claims. In its Rule 1925(b) statement, Preston Ford stated two issues that mirror those presented in his Statement of the Questions section of his appellate brief, quoted *supra*. ***See*** Pa.R.A.P. 1925(b) Statement, 2/13/14. Neither of these issues encompasses Preston Ford's claim that LeViere is not entitled to damages under the UTPCPL, or its assertion that LeViere failed to prove

under which theory of liability the settlement occurred. Consequently, we deem these specific arguments are waived.[1] *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Accordingly, we will address only Preston Ford's contention that LeViere is not a 'prevailing party' under the MMWA.

_____

[1] We note that the trial court's order directing Preston Ford to file a Rule 1925(b) statement complies with the requirements of Pa.R.A.P. 1925(b)(3). In particular, the order indicated that "any issue not properly included in the Statement timely filed and served shall be deemed waived." Trial Court Order, 2/2/14. Thus, waiver is appropriate in this case. ***See Greater Erie Indus. Development Corp. v. Presque Isle Downs***, 88 A.3d 222, 225 (Pa. Super. 2014) ("In determining whether an appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order.").

We also point out that in its Rule 1925(a) opinion, the trial court did not address Preston Ford's argument regarding UTPCPL. While the court did discuss Preston Ford's claim that LeViere failed to prove under which theory of liability the settlement occurred, the court noted that that argument was "not explicitly articulated in Preston Ford's *Statement of Errors Complained of on Appeal*…." TCO at 3. The court's choice to assess Preston Ford's claim, despite its absence from the Rule 1925(b) statement, does not compel this Court to do the same. ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). In any event, we also conclude that this argument is waived because Preston Ford fails to cite any legal authority to support it in his brief to this Court. ***See*** Preston Ford's Brief at 11-12; ***Korn v. Epstein***, 727 A.2d 1130, 1135 (Pa. Super. 1999) ("Where the appellant has failed to cite any authority in support of a contention, the claim is waived."); ***Gallagher v. Sheridan***, 665 A.2d 485, 487 (Pa. Super. 1995) ("Arguments that are not appropriately developed are waived.").

The section of the MMWA permitting the award of attorneys' fees states:

> **2)** If a consumer *finally prevails* in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

15 U.S.C.A. § 2310(d)(2) (italicized emphasis added).

The MMWA does not define or provide any guidance on when a consumer "finally prevails" for purposes of awarding attorneys' fees. Relying on this Court's decision in **Profit Wize Marketing v. Wiest**, 812 A.2d 1270 (Pa. Super. 2002), Preston Ford argues that LeViere is not a 'prevailing party' because this case resulted in a settlement agreement, rather than a judgment on the merits. **See** Preston Ford's Brief at 8 (citing **Profit Wize**, 834 A.2d at 1275 (holding there was no "prevailing party" where the parties reached a settlement agreement). In response, LeViere contends that Preston Ford's reliance on **Profit Wize** is misplaced, "as **Profit Wize** is a state court opinion applying only state, and not federal, law." LeViere's Brief at 9. He maintains that because the MMWA is a federal statute, the meaning of the term 'prevailing party' as used in section 2310(d)(2) is governed by federal law, primarily the United States Supreme Court's decision in **Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources**, 532 U.S. 598 (2001).

We agree with LeViere. In **Profit Wize**, this Court examined whether an employer was entitled to attorneys' fees from a former employee against whom the employer had filed suit, where the parties had ultimately entered a settlement agreement. In the course of this assessment, we were tasked with determining the meaning of the phrase "prevails in any suit or action" as contained in the non-compete clause of the parties' employment contract. **See Profit Wize**, 812 A.2d at 1275. Thus, unlike the present case, **Profit Wize** involved our interpreting whether an employer was a 'prevailing party' under the language of a state employment contract, not a federal statute. Accordingly, **Profit Wize** does not compel the application of Pennsylvania law in the instant case. Instead, we look to federal law to ascertain whether LeViere 'finally prevailed,' as that term is used in the MMWA. **See Samuel-Bassett v. Kia Motors America, Inc.**, 34 A.3d 1, 51 (Pa. 2011) (stating "[t]he construction of a federal statute is a matter of federal law").

We begin our analysis by noting that the United States Supreme Court has "held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees" because such agreements constitute "a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'" **Buckhannon**, 532 U.S. at 604 (citations omitted). Nevertheless, under many federal statutes, including the MMWA, only a 'prevailing party,' or a party who 'finally prevails,' is entitled to the award of attorneys' fees. In defining the term 'prevailing party,' the Supreme Court has stated that a plaintiff must "receive at least

some relief on the merits of his claims before he can be said to prevail." **Id.** at 603 (citation omitted). The Court has also clarified that "[w]hatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." **Farrar v. Hobby**, 506 U.S. 103, 111 (1992) (citation omitted). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." **Id.** at 111-112.

Here, Preston Ford contends that the settlement agreement did not alter its legal relationship with LeViere in any way, let alone in a way that directly benefited LeViere. **See** Preston Ford's Brief at 10. Preston Ford explains:

> In accordance with the settlement, Preston Ford bought LeViere's vehicle at the prior purchase price of $16,9[6]3.00. Preston Ford paid the outstanding lien and refunded the difference to LeViere. Preston Ford then retained the car. In other words, Preston Ford and LeViere rescinded the contract and no material altering of the legal relationship between the parties occurred to the benefit of LeViere. LeViere previously argued he received $10,000.00 over and above what he would have received had he traded the car in for another vehicle. LeViere ignores payments made by him on the loan for the vehicle in the amount of $10,967.40, calculated by car payment[s] of $304.65 a month for 36 months. LeViere additionally paid $1000.00 down on the vehicle bringing the total amount LeViere paid towards this vehicle to $11,967.40. Further, LeViere transferred a vehicle valued by him in the trade in [the] amount of $5,500.00. It should be noted that this amount would be higher as the car was bought by a dealer for purpose of resale. According to LeViere's own record or "evidence[,]" LeViere gave up $17,467.40 of value in exchange for $16,963.00[,] or a loss of $504.40.

Preston Ford's Brief at 9-10 (citation to record omitted).

In response to Preston Ford's argument, LeViere contends that he benefitted from the settlement because he received $16,963.00 "for a frame-damaged vehicle with over 70,000 miles that was worth much less than that amount…." LeViere's Brief at 11. LeViere elaborates:

> It is common knowledge to the ordinary layperson that a vehicle's value decreases substantially as soon as [the car] is purchased and driven off the car lot. Unless a car is a unique and highly prized collectible, a consumer will receive thousands less than what they paid if a car is traded in shortly after purchase[,] even if the car is in the same condition as purchased. Here, LeViere received the entire purchase price of $16,963.00 for the vehicle after three years and after being driven 50,000 miles. … LeViere would have received far less than the full purchase price for this vehicle if he had tried to sell it in a retail setting.

*Id.* at 16.

Under the federal law framework, set forth above, LeViere's argument convinces us that he is a 'prevailing party' under the MMWA. The settlement agreement rescinded the contract between the parties, thus terminating their legal relationship. The agreement further provided LeViere with the full purchase price of a vehicle that he had driven for three years, and on which he had accumulated significant mileage. At the time the parties entered into a settlement agreement, the vehicle was clearly worth much less than the $16,963 Preston Ford paid LeViere to settle the litigation. Preston Ford essentially admits this fact by stating that it resold the vehicle for $6,300. *See* Preston Ford's Brief at 10. Regardless of the amount of money LeViere

invested into the vehicle over the course of the three years he owned it, *at the time of the settlement*, Preston Ford agreed that LeViere was entitled to $16,963 for a vehicle valued by Preston Ford at $6,300. Thus, we conclude that LeViere received a benefit on the merits of his claims. **See Buckhannon**, 532 U.S. at 604; **Farrar**, 506 U.S. at 111. Accordingly, the court properly deemed LeViere a 'prevailing party' for purposes of awarding him attorneys' fees under the MMWA.

In Preston Ford's second issue, it argues that it was denied due process of law because the trial court failed to conduct an evidentiary hearing before awarding LeViere attorneys' fees. While Preston Ford acknowledges that a hearing was conducted on December 19, 2013, it maintains that the court only heard oral arguments from counsel for both parties, and did not provide Preston Ford with the opportunity to present evidence or cross-examine witnesses LeViere may have called. Preston Ford also maintains that because the court did not conduct an evidentiary hearing, the court had no evidentiary basis upon which to enter the order awarding LeViere attorneys' fees.

Preston Ford's arguments do not convince us that the trial court abused its discretion. Most notably, at the December 19, 2013 hearing, Preston Ford did not *attempt* to introduce evidence or challenge LeViere's failure to do so; thus, Preston Ford cannot now claim the court denied it due process. Moreover, LeViere attached abundant documentary evidence, *i.e.*, 18 exhibits, to his petition for attorneys' fees, thus providing the court with a

sufficient evidentiary basis upon which to enter the December 30, 2013 order granting LeViere's petition. Accordingly, Preston's Ford's second issue is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014