J-A15035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VINCULUM, INC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GOLI TECHNOLOGIES, LLC | : | No. 2048 EDA 2020 |

Appeal from the Judgment Entered September 22, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2015-06333

| | | |
|---|---|---|
| VINCULUM, INC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GOLI TECHNOLOGIES, LLC | : | |
| | : | |
| Appellant | : | No. 2127 EDA 2020 |

Appeal from the Judgment Entered September 22, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2015-06333

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY BOWES, J.:  **FILED NOVEMBER 29, 2021**

While I agree with my learned colleagues' resolution of most of the issues presented in this appeal, I must respectfully dissent.  The parties' contract unambiguously provides that Goli Technologies ("Goli") must pay Vinculum's reasonable attorney fees in the event of Goli's breach, and the trial court held that Goli indeed committed a breach.  Therefore, rather than affirm

the judgment, I would vacate it and remand for the trial court to enter a new judgment which includes the amount of Vinculum's reasonable attorney fees.

The majority defers to the trial court's conclusion that it was inappropriate to award Vinculum attorney fees, despite the factual finding of a breach and the language of the parties' contract, based upon case law that provides that the decision whether to award fees is within the discretion of the trial court. **See** Majority Memorandum at 11. That is the correct standard when, as in the cases relied upon by the majority, the attorney fees request is founded upon a statute or rule placing the question within the court's discretion. **See In re Bridgeport Fire Litig.**, 8 A.3d 1270, 1288 (Pa.Super. 2010) (examining propriety of attorney fee award in a class action); **Regis Ins. Co. v. Wood**, 852 A.2d 347, 350 (Pa.Super. 2004) (reviewing trial court fee decision premised upon the Declaratory Judgment Act and 42 Pa.C.S. § 2503(7) and (9)).

Here, however, no generally-applicable law regarding a right to seek attorney fees served as the basis for Vinculum's request. The fees sought by Vinculum are not collateral to its underlying claim. Instead, Vinculum sought fees as an item of damages based upon the language of the parties' contract. Whether to award fees in these circumstances is not a matter of trial court discretion, but of interpretation and enforcement of the plain meaning of the written instrument. The trial court's discretion relates only to the determination of whether the claimed fees are reasonable.

This Court's recent decision in **Bert Co. v. Turk**, 257 A.3d 93 (Pa.Super. 2021), is illustrative. That case involved a non-solicitation agreement between Mr. Turk and NWI, his employer, which Mr. Turk breached. NWI sued Mr. Turk and others seeking both injunctive relief and damages. NWI prevailed and the trial court ordered Mr. Turk to pay NWI's attorney fees amounting to more than $360,000. On appeal, Mr. Turk challenged the fee award.

Citing **McMullen v. Kutz**, 985 A.2d 769, 776-77 (Pa. 2009), this Court noted that our Supreme Court had affirmed that contracts may include a term providing that attorney fees are owed by a party who breaches the agreement. **Bert Co.**, **supra** at 117. We explained:

> In **McMullen**, divorcees entered a marriage-and-property-settlement agreement that provided for the payment of attorney fees and costs incurred by one party in enforcing the contract against the breaching party. The trial court held that the ex-husband breached the agreement by failing to pay his ex-wife sufficient child support and that the contract provided that the breaching party must pay the attorneys' fees expended by the non-breaching party. Both this Court and the Supreme Court affirmed the trial court's decision that the ex-wife's enforcement action for damages entitled her to recover attorneys' fees.

**Id**. (cleaned up).[1]

---

[1] Indeed, in **McMullen** there was "no dispute that Husband was the breaching party, and thus, that Wife was entitled to attorney fees incurred in enforcing the Agreement against Husband." **McMullen v. Kutz**, 985 A.2d 769, 775 (Pa. 2009). The Court went on to reject the argument that the trial court lacked

*(Footnote Continued Next Page)*

This Court observed that its role when presented with contractual disputes was to effectuate the intent of the parties as manifest in the written agreement.

> When interpreting the language of a contract, the intention of the parties is a paramount consideration. In determining the intent of the parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly. When interpreting agreements containing clear and unambiguous terms, we need only examine the writing itself to give effect to the parties' intent. Contract language is unambiguous when we can ascertain its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends.

*Id*. at 117 (cleaned up). The writing in that case provided, *inter alia*, that Mr. Turk agreed as follows:

> (i) I acknowledge that any violation of this Agreement may result in immediate termination of my Relationship with NWI and may subject me to a civil action for money damages by NWI for any and all losses sustained as a result of the unauthorized disclosure of any Confidential Information or other actions which breach any provision of this Agreement or any covenants contained herein.
>
> (ii) I recognize that NWI's remedies at law may be inadequate and that NWI shall have the right to seek injunctive relief in addition to any other remedy available to it. If I breach this Agreement or any of the covenants contained herein, NWI has the right to seek issuance of a court-ordered injunction as well as any and all other remedies and damages, to compel the enforcement of the terms stated herein. This provision with respect to injunctive relief shall not, however, diminish the right of NWI to claim and recover

---

authority to examine the reasonableness of the claimed fees and hold "that parties may contract to provide for the breaching party to pay the attorney fees of the prevailing party in a breach of contract case, but that the trial court may consider whether the fees claimed to have been incurred are reasonable, and to reduce the fees claimed if appropriate." *Id*. at 776–77.

damages in addition to injunctive relief. If court action is necessary to enforce this Agreement, I shall be responsible for NWI's reasonable attorney's fees and costs; provided that NWI prevails in said enforcement action as determined by the appropriate court or tribunal before which matter is pending.

*Id*. at 116 (cleaned up).

Applying the principles of contract interpretation to the language of the instrument, we affirmed the trial court's fee award:

Under fundamental contract law, NWI is entitled to attorneys' fees to make it whole for Mr. Turk's breach.

NWI proved a clear agreement as to who would pay its attorneys' fees if it needed to enforce Mr. Turk's non-solicitation agreement. This agreement expressly included NWI's request for injunctive relief in equity and its trial for damages at law. The award of $116,514.74 in attorneys' fees that NWI incurred at trial was within the broad scope of Mr. Turk's agreement to "be responsible for NWI's reasonable attorney's fees and costs; provided that [NWI] prevails in said enforcement action." Here, NWI has prevailed in its court action to enforce Mr. Turk's non-solicitation agreement at every turn.

. . . .

Additionally, Mr. Turk has produced no grounds for reducing the attorneys' fees that the trial court imposed. . . . The trial court's discretion in determining the proportion of attorneys' fees reasonably incurred with respect to a party or claim is broad and may consider the overlap of facts and attorney time between claims.

Mr. Turk does not point to anything of record showing the amount of time that NWI's lawyers devoted solely to the conduct of other defendants. Combining that fact with the centrality of Mr. Turk's role in the raid and the size of his book of business, Mr. Turk has not demonstrated an abuse of discretion.

Thus, neither of Mr. Turk's theories regarding the award of attorneys' fees warrants relief.

*Id*. at 118 (cleaned up).

From this it is clear that, when a contract provides that a breaching party is responsible for attorney fees and the fact-finder has determined that a breach has triggered that provision, the term of the contract must be enforced and some amount of fees awarded as damages. The trial court has discretion to determine how much of the claimed fees are reasonable, but not whether to award fees in the first instance. In other words, upon proof of a breach, it becomes a question not of if there is an entitlement to an attorney fee award, but of how much it will be.

In the case *sub judice*, Goli agreed to, *inter alia*, the following terms in entering the consulting agreement with Vinculum:

> Should [Goli] breach any of the covenants of solicitation and noncompetition, Vinculum shall have the right to immediately terminate this agreement and to seek legal and/or equitable relief, including injunctive relief against [Goli]. [Goli] understands and acknowledges that a breach of this covenant would cause substantial harm to Vinculum, which would be difficult to calculate. Therefore, **as liquidated damages, and not a penalty, [Goli] agrees to pay Vinculum as decided by a court of [l]aw for each violation** in addition to all damages, costs, including court costs and **reasonable attorney fees incurred by Vinculum in enforcing the provisions of this Agreement**. [Goli] further agrees and authorizes Vinculum to withhold payment up to the damages incurred in case of any violation by [Goli] or [Mr. Goli].

Consulting Agreement, 12/16/14, at 2-3 (emphases added).

This language plainly entitles Vinculum to reasonable attorney fees for each breach of the non-solicitation agreement as an item of damages following a court's determination that Goli indeed violated its terms. Stated differently,

after it has been found by a court of law that Goli violated the non-solicitation provision of the contract, the award of fees is not discretionary with the trial court, but necessarily follows. As made clear in **Bert Co.**, **supra**, the trial court's role upon finding that Goli was in breach was to decide the amount of fees reasonably incurred by Vinculum in enforcing the contract. It did not have the discretion to hold that attorney fees are not "appropriate" despite Goli's breach. **See** N.T. Trial, 7/6/20, at 222 ("I don't find that attorneys' fees are appropriate and I'm not awarding attorneys' fees to either side.").

In my view, the trial court's failure to rule that at least some amount expended by Vinculum was reasonably incurred in enforcing its rights in the face of Goli's breach amounts to an abuse of its discretion. Accordingly, I would vacate the judgment and remand for the trial court to enter a new judgment after determining Vinculum's reasonable attorney fees in accordance with the parties' agreement.